EDWARD B. SMETHURST vs. PROPRIETORS OF INDEPENDENT
CONGREGATIONAL CHURCH IN BARTON SQUARE.

Essex.    November 8, 1888. — January 3, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Negligence — Fall of Snow from Roof — Proximate
Cause — Way — Traveller — Exceptions.*

The owner of a building, with a projecting roof so constructed that snow collected
upon it from natural causes will in the ordinary course of things fall upon an
adjoining highway, is liable, without other proof of negligence, to a person who,
while rightfully stopping upon the highway to unload a wagon, is thrown out
and injured in consequence of such a fall of snow upon his horse, causing him
to start.

A bill of exceptions, stating that questions were put to a witness and that the judge
excluded them, without disclosing what answers were expected or what was to
be proved thereby, shows no ground of exception.

TORT for personal injuries.  The declaration alleged that,
on March 2, 1887, through the carelessness and negligence of
the defendant corporation, a large quantity of snow fell from
the roof of a church building owned by the defendant, situated
on Barton Square, a street in Salem, upon the plaintiff's horse,
while the plaintiff, being in the exercise of due care, was unload-
ing his wagon in such street, causing the horse to run and to
throw the plaintiff to the ground, greatly injuring him.  Trial
in the Superior Court, before *Thompson*, J., who allowed a bill
of exceptions, in substance as follows.

The following facts were proved or admitted.

The defendant owned the church building in question, the
eaves of which projected over the location of the street about
two feet from the wall of the building, the distance down the
slope of the roof from a line directly above the wall being two
feet and seven inches.  There was a snow-guard or fender
on the roof, directly above the line of the wall of the build-
ing, sufficient to keep back the snow on the roof above it, but
it did not appear that there was any protection to retain the
snow which collected below this guard.  During the afternoon
of March 2, 1887, the plaintiff, who was employed in convey-
ing boxes with a horse and wagon to the church building, and

to store them in the basement, stopped with a large load on the street opposite the building and remained in this position until he had unloaded nearly all the boxes.  He was standing on the floor of the wagon, near the middle, in a stooping position, when the horse, which was not fastened in any way or watched by any one, gave a sudden start, throwing him to the ground and causing the injuries.  This start of the horse was owing to the fall from the roof of the church of a quantity of snow, or slosh, which fell upon the hind quarters of the horse and upon the front of the wagon.  There was conflicting evidence as to the exact position of the horse and wagon in the street, whether in the middle of the street or between that and the wall of the building, and as to the character of the horse. No evidence as to the exercise of care by the plaintiff, or of the manner in which he was using the street, was submitted, except that above stated.

One Pinnock, a slate-roofer, who testified that he had made a study of snow-guards and their effects, and had carefully examined the premises and the roof of the church building, was asked the following questions, as an expert, by the defendant: "Now, as to the snow which would come below the fender, can you tell me how far that would fall from the building, if it was to come off ? "  " What are the kinds of fenders which are in use ? " and, " What precautions other than those which were taken there could be taken to prevent the fall of snow from that roof ? " These questions were excluded upon the plaintiff's objection, and to the exclusion of the same the defendant excepted.

The defendant requested the judge to instruct the jury as follows:

" 1. Under the pleadings in this case the plaintiff can recover only upon proof, satisfactory to the jury, that his injuries were caused by negligence on the part of the defendant.

" 2. The plaintiff can recover only in case his injury, according to the usual experience of mankind, might reasonably have been anticipated as the natural and probable result, under ordinary circumstances, of negligence shown on the part of the defendant, and likely to follow therefrom.

" 3. There is no evidence from which the jury can find that the plaintiff was using the highway as a traveller, at the time

of the injury; and if not so using the highway, he can have no greater or other rights than if the place where he was had not been within the limits of a highway.

"4. There is no evidence in this case upon which the jury can find a verdict for the plaintiff."

The judge declined to instruct the jury as requested, but instructed them in regard to the questions involved in the requests as follows:

1. "A man has no right to use his land adjoining a highway so as to injuriously affect those who are using the highway rightfully for travel. A traveller upon the highway has a right to use the street for purposes of travel, and is entitled to as free and uninterrupted a use of it for travel, so far as the adjoining owner is concerned, as if he were the owner in fee of the street itself. The defendant has no right to erect or maintain a building, if it be of no unusual construction, so near the street that snow or ice will fall from it, in the ordinary course of things while collecting there and thawing, so as to endanger travellers who are passing; and it would not avail the defendant to show that the building was of no unusual construction, or even constructed better than buildings usually are to prevent snow from falling into the street, provided he did not in fact prevent the snow and ice from falling into the street. . . . It is not enough to show that, with a building placed as this was, you cannot possibly stop snow from falling. A party must not have his building placed in such a position with reference to the street that snow or ice will fall upon the street and endanger travellers. It is no answer that he cannot protect his building; he has no right to have the building there if he cannot. . . . It is not a case of ordinary care, as the term is ordinarily used. The defendant must use the estate wrongfully; in a certain sense, when using it wrongfully he may be said to use it negligently or improperly."

2. "The striking of the horse by the snow, if it caused him to start, would be a direct proximate cause of the injury, although the ice or snow might not have hit the plaintiff."

3. "A party has a right to use the highway to travel upon with horse or carriage, or to go upon foot, and, further, to use it for the transportation of merchandise, and is to use it in a

reasonable manner; not to drive so fast as to endanger people who are upon the road and in the exercise of ordinary care, not to use it so as unnecessarily to obstruct those who are using the road and have the same rights in it that he has. He has a right to stop in the road for the purpose of getting out or getting in, or of unloading a team in a reasonable manner; and what is a reasonable manner is a question of fact for the jury to pass upon under all the circumstances of the case."

Upon other parts of the case the judge gave full and appropriate instructions, to which no exception was taken.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. H. Gove,* for the defendant.

*S. A. Fuller,* for the plaintiff.

DEVENS, J. It is the contention of the defendant, that, as the declaration alleges negligence on the part of the defendant, the plaintiff can maintain it only by showing a want of ordinary care in the construction or management of its building.

When parties in the management of their own estates so use them that injury in the ordinary course of things may fairly be expected to result to others in the enjoyment of their estates, or in the exercise of their lawful rights, as such use is wrongful, if injury does thus result, it may properly be said to have occurred by their negligence. The instructions as given on this point were in the language used by this court in *Shipley* v. *Fifty Associates,* 106 Mass. 194. They deny to the defendant the right to erect and maintain a building, even if of no unusual construction, so near the street that ice or snow will so fall from it in the ordinary course of things as to endanger travellers who are passing in the highway, or using the same rightfully for the purpose of travel. *Shipley* v. *Fifty Associates,* like the case at bar, was an action brought for negligence on the part of the defendants in the use of their property. It is there said that the defendant " has no right so to construct his building that it will inevitably, at certain seasons of the year, and with more or less frequency, subject his neighbor to that kind of inconvenience; and no other proof of negligence on his part is needed."

The defendant urges, that as in that case the building of the defendant did not encroach upon the highway, while in the case

at bar it is shown to have done so, the eaves projecting about two feet beyond the wall of the building and into the street, the injury to the plaintiff did not result from its carelessness or negligence, but from the encroachment over the highway, and thus, even if the defendant would be liable for a nuisance or in trespass, it is not liable in this action.   The wall of the defendant's building was on the line of the highway ; but the portion of the roof projecting over the highway was a part of the roof as the building was constructed and maintained, and if injury resulted therefrom it was incidental to the construction and use by the defendant of its property.   Nor was such use the less properly described as careless and negligent because it was also distinctly wrongful.

The second instruction requested by the defendant was a general statement, taken from *McDonald* v. *Snelling*, 14 Allen, 290, the accuracy of which we have no occasion to question.   If that given by the presiding judge instead of it was correct, adapted to the case, and all that the case required, the defendant can have no ground of objection because the words asked by him were not used.   The instruction as given was: " The striking of the horse by the snow, if it caused him to start, would be a direct proximate cause of the injury, although the ice or snow may not have hit the plaintiff."   This instruction assumes that the fall of ice or snow upon the horse was found to have been due to the negligence of the defendant, as upon all parts of the case not especially made the subject of exception full and appropriate instructions were given.

It is well settled in this Commonwealth, that one who violates a duty owed to others, or commits a tortious or wrongfully negligent act, is liable not only for those injuries which are the direct and immediate consequences of his act, but for such consequential injuries as, according to common experience, are likely to, and in fact do, result from his act.   *McDonald* v. *Snelling,* 14 Allen, 290.   *Wellington* v. *Downer Kerosene Oil Co.* 104 Mass. 64.   *Metallic Compression Casting Co.* v. *Fitchburg Railroad,* 109 Mass. 277.   *Derry* v. *Flitner,* 118 Mass. 131.   That a horse struck by falling ice or snow would start, and would thus be liable to injure a person standing near or upon the wagon, and who was engaged in loading or unloading, is so entirely

according to the natural and usual sequence of events that it cannot have been necessary to submit the question whether one occurrence might probably be expected to follow the other.

The defendant further contends, that the plaintiff was not using the street as a traveller, and therefore had not the rights which a traveller or an adjoining proprietor might have to be protected from the effects of a fall of snow. The plaintiff at the time of the accident was engaged in unloading from his team goods which were to be deposited in the basement of the defendant's building. The exact position of the plaintiff's team was in dispute. The presiding judge declined to instruct the jury that the plaintiff was not a traveller, and instructed the jury that the plaintiff had the right to use the way for the transportation of goods in a proper manner, not unreasonably obstructing or interfering with others, adding: " He has a right to stop in the road for the purpose of getting out or getting in, or of unloading a team in a reasonable manner; and what is a reasonable manner is a question of fact for the jury to pass upon under all the circumstances of the case." Under this instruction, the jury must have found that he was unloading his team in a reasonable and proper manner when the accident occurred.

A traveller lawfully using the way has the same rights to enjoy such use undisturbed as if he were the owner in fee simple. *Shipley* v. *Fifty Associates,* 101 Mass. 251; *S. C.* 106 Mass. 194. In order to be a traveller, it is not necessary that one should be constantly moving, if he is a pedestrian, or that the vehicle he drives, or that in which he is conveying goods, if he is using one, shall be continuously in motion. It would certainly be impossible to use the highways conveniently for the ordinary purposes of business or social life with teams or lighter carriages, if occasional stops were not permitted to enable those using them to load and unload teams, to receive and deliver goods, to enter shops and stores, and to make brief calls of business or even of a social character. During these stops, if reasonable in duration, one should not lose his rights as a traveller, and the protection thus afforded to his person or property. *O'Linda* v. *Lothrop,* 21 Pick. 292. *Judd* v. *Fargo,* 107 Mass. 264.

In regard to the exclusion of the questions to the witness,

Pinnock, it is sufficient to say that it does not appear by the bill of exceptions what his answers would have been, or what the defendant offered to prove by him, if he were allowed to answer. It has been often decided in such cases that the bill of exceptions must contain enough to show that the excepting party has been actually injured. *Warren* v. *Spencer Water Co.* 143 Mass. 155, 164.                    *Exceptions overruled.*