## MARY LEAHAN *vs.* CAROLINE R. COCHRAN.

Suffolk. November 14, 1900. — May 21, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A householder maintaining a conductor for carrying water from his roof emptying on a shallow granite gutter crossing a public sidewalk, which by its natural and intended use causes ice to form, rendering the sidewalk dangerous for public travel, is liable to one injured thereby for maintaining a public nuisance, although the conductor and granite gutter had been constructed before he bought the house and he never had been requested to change them.

In an action at common law to recover for an injury caused by ice on a sidewalk formed by reason of a conductor and gutter maintained by the defendant, Pub. Sts. c. 52, § 19, requiring notice of the time, place and cause of injury, has no application.

TORT to recover for injuries sustained by falling on the public sidewalk adjoining the defendant's premises on East Newton Street in Boston on ice formed by reason of a conductor carrying water from the defendant's roof to an open gutter crossing the sidewalk. Writ dated April 28, 1899.

At the trial in the Superior Court, before *Sheldon*, J., the plaintiff introduced evidence tending to show, that the defendant was the owner of the building and land at the corner of East Newton and James Streets in Boston from 1864 to and including December 21, 1898, and that during all that time a conductor was affixed to the outside of the building to carry water from the roof of the building to the sidewalk adjoining it on East Newton Street. There was also an open gutter upon and across the sidewalk extending from the foot of the conductor to the street. This open gutter was of granite and about eight inches wide and had in the centre a groove about three inches across and one inch deep, being in two pieces of unequal length with a depression where the ends joined. The sidewalk on each side of the granite gutter was of brick and the bricks adjoining the edge of the granite gutter were depressed in places about one inch below the edge of the gutter. About eight o'clock in the morning of December 21, 1898, ice had formed on each side of and on top of this gutter, and the groove in the gutter was filled with ice, the ice apparently having been formed there by water deposited by the conductor from the roof of the defendant's building, and more water from the conductor was then running over the surface of the ice. In this condition of affairs and at this time the plaintiff while in the exercise of due care by reason of the water and ice slipped and fell, and was injured. There was no evidence that the defendant erected or constructed the building, the conductor, the gutter or sidewalk mentioned, and it was admitted that the conductor complained of had been in the same condition that it was at the time of the accident ever since the defendant became the owner of the premises. There was no evidence that the defendant was ever requested to reform the nuisance complained of, if it was a nuisance, and the plaintiff testified that she never complained to the defendant or her representative of the condition of the conductor or gutter, and never requested that the condition of either the conductor

or gutter be remedied. This was all the evidence material to the case. No notice under Pub. Sts. c. 52, §§ 19, 21, and acts in amendment thereof, was given.

At the close of the plaintiff's case, the defendant requested the judge to rule that the plaintiff could not maintain this action: First, because on all the evidence the plaintiff could not recover. Second, because it appeared that the defendant did not construct or create the building, the conductor, the gutter or sidewalk mentioned, and that she had not been requested to remedy the same. Third, because there was no evidence tending to show that the defendant constructed or created the nuisance complained of, nor that she had been requested to remedy the same.

These rulings the judge refused to give and the defendant excepted. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*G. C. Abbott*, for the defendant, submitted the case on a brief.

*C. W. Bond*, for the plaintiff.

HAMMOND, J. The evidence tended to show that affixed to the house of the defendant was a conductor, constructed and used for the purpose of carrying water from the roof to the public sidewalk adjoining; that there was a groove in the sidewalk, extending from the end of the conductor to the outer edge of the sidewalk; that the water from the conductor had frozen in and about the groove upon the sidewalk, and that the plaintiff, while travelling in the exercise of due care over the ice, was injured. The evidence warranted a finding that in the winter the natural and probable result of the situation would be the formation of ice upon the sidewalk, which would be dangerous to public travel and therefore a public nuisance.

At the time of the accident the defendant had been the owner of the house for several years, but there was no evidence that the defendant constructed the building, the conductor, the groove or the sidewalk; and it appeared that the condition of the conductor at the time of the purchase was and ever since had been the same as at the time of the accident. There was no evidence that the defendant ever had been requested by the plaintiff or by any other person to reform the nuisance, or that the plaintiff ever complained of it to the defendant.

The action is at common law, and the question whether the notice requisite to the maintenance of an action under Pub. Sts. c. 52, § 18, was given is immaterial. It is not argued that the evidence did not warrant a finding that this conductor in its natural operation did create a nuisance in the highway. The only question presented is whether the court erred in declining to give the second and third rulings requested by the defendant. These requests raise the question whether, the situation being the same as at the time of the purchase by the defendant, she can be held answerable to the plaintiff in the absence of any request made to her to reform the nuisance.

There can be no doubt that in the case of a private nuisance the general doctrine in this country, following *Penruddock's case*, 5 Co. 205, is that the grantee of land upon which at the time of the grant there exists a nuisance created by his predecessors in title is not responsible merely because he has become the owner of the land. His liability arises from his knowingly continuing the nuisance ; and generally it may be stated that he is not answerable for continuing the nuisance in its original state unless he has had notice to abate, or at least until he has had knowledge that it is a nuisance and injurious to the rights of others ; and while there is some dissent from this doctrine (see opinion of Denio, J. in *Brown* v. *Cayuga & Susquehanna Railroad*, 2 Kernan, 486 ; of Strong, J. in *Hubbard* v. *Russell*, 24 Barb. 404; and of Manning, J. in *Caldwell* v. *Gale*, 11 Mich. 77), still it must be regarded as the law of this Commonwealth. *McDonough* v. *Gilman*, 3 Allen, 264, and cases cited.

The cases are numerous in which this doctrine has been applied to private nuisances, but with the exception of *Woram* v. *Noble*, 41 Hun, 398, we have seen no case where the doctrine has been directly applied to the case of a public nuisance, although in *Wenslick* v. *McCotter*, 87 N. Y. 122, and *Dodge* v. *Stacy*, 39 Vt. 558, the court seems to have failed to notice any difference in this respect between private and public nuisances.

We think the rule should not be extended to a public nuisance like that in this case. The reason generally given for the rule is that in the absence of any notice to the contrary, the grantee has the right to assume that the structures upon the land are rightfully there, and that even where they may seem to interfere

with the usual rights appurtenant to other estates he may properly assume that the right thus to interfere has been lawfully obtained; and it is said that it would be inequitable to subject him to damages until he has had notice that in maintaining the structure or work complained of he is infringing upon the rights of others.

The reason of the rule is not applicable to a case like this. The conductor in its natural and intended use caused ice to form upon the sidewalk, which, being dangerous to public travel, was a public nuisance. No matter how often the ice was formed, the right thus to encumber the street could not be lawful. The right to create such a nuisance was not a matter of grant, nor could it have been acquired by prescription. *Holyoke* v. *Hadley Co.* 174 Mass. 424, 426. *New Salem* v. *Eagle Mill Co.* 138 Mass. 8. In so far as the conductor by its natural operation caused the formation of such ice, it was creating a nuisance. The defendant as owner must have known this or must be presumed to have known it. In such a case, the reason for the requirement of a notice does not exist, and we see no reason why the rule should be applied. See *Matthews* v. *Missouri Pacific Railway*, 26 Mo. App. 75.

*Exceptions overruled.*