MARGARET SULLIVAN *vs.* JACOB LONG.

Suffolk.    October 8, 1941. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Snow and Ice. Nuisance. Way,* Public: nuisance. *Landlord and Tenant,* Landlord's liability to third person, Snow and ice, Nuisance.

Certain testimony by the owner of a building in possession of a tenant at will of long standing warranted a finding that the owner was in control so as to be responsible for a condition of the building which caused a formation of ice on an adjacent public sidewalk, although he also testified that the tenant always took care of the building and sidewalk.

Evidence that a patch of ice on a public sidewalk in front of a building was caused by water dripping from icicles hanging from a cornice over a doorway warranted a finding that the person in control of the building was liable for injuries sustained by a pedestrian who fell on the ice.

TORT.   Writ in the Superior Court dated March 9, 1940.

The case was tried before *Sheehan,* J., and, after a verdict for the plaintiff in the sum of $2,750 had been recorded with leave reserved, a verdict was ordered entered for the defendant.

*T. J. Driscoll,* for the plaintiff.

*A. I. Ratzkoff,* for the defendant, submitted a brief.

COX, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries received as a result of a fall on an accumulation of snow and ice on the public sidewalk in front of a building at 638 Tremont Street, in Boston, which was owned by the defendant. The jury returned a verdict for the plaintiff, but, on leave reserved, and subject to the plaintiff's exception, a verdict was entered for the defendant. No question of pleading is raised.

The bill of exceptions states: "The said accumulation resulted from snow and ice being permitted to remain on the top of the cornice over the front entrance of said building and in thawing weather the water from this snow and

ice was permitted to escape upon said sidewalk and thus to form the accumulation of ice upon which the plaintiff fell." The defendant makes two contentions: (1) the jury were not warranted in finding that the defendant was in control of the premises; (2) there is no evidence of any negligence or actionable wrongdoing on his part.

1. The defendant, who was called as a witness by the plaintiff, testified that he had "control" of the premises "right along as he bought it"; that if any repairs were to be made to the building, he would pay for them; and that "he would go up there and look around perhaps once a week." He also testified that he had a tenant at will in the building with whom he had a "sort of verbal agreement"; that this tenant had lived there for twenty years and took care of the building; and that she always took care of the sidewalk. If we assume, upon this evidence, that the jury could have found that the tenant was in control of the premises in question, they were not required to do so. The jury could have found that the defendant, and not the tenant, was responsible for the existing conditions of the building. See *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205, 206, 207, and cases cited; *Moss* v. *Grove Hall Savings Bank*, 290 Mass. 520, 523, 524.

2. The jury could have found that the place where the plaintiff fell on the sidewalk was near the doorway of the building, over which the cornice extended. Photographs in evidence show two steps leading from the sidewalk to the outer face of the doorway. At one side of the doorway, and parallel with the outer step, there is a curbing in front of the premises that appears to be in line with a fence extending along the inside of the sidewalk. The point where the plaintiff fell, as indicated by her on the photographs, is at a point on the sidewalk beyond the line of the curbing. A witness, who arrived at the scene about an hour after the plaintiff fell, testified that the sidewalk was in a fairly dry, free and clear condition except in front of the doorway; that there were some icicles "dripping from the coping over the doorway onto the sidewalk and it had made an icy patch about one-quarter to one-half inch thick, about eight feet

wide, extending some distance out from the bottom step onto the sidewalk." A photograph in evidence taken by this witness at that time shows what were identified as icicles hanging from the cornice. There was evidence that the ice on the sidewalk was rough. We are of opinion that the jury could have found that the defendant was liable. *Shipley* v. *Fifty Associates*, 106 Mass. 194. *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, 50. *Leahan* v. *Cochran*, 178 Mass. 566, 570. *Marston* v. *Phipps,* 209 Mass. 552, 554. *Allen* v. *Salmansohn*, 254 Mass. 500. *Solomon* v. *Weissman*, 265 Mass. 423. *Bullard* v. *Mattoon*, 297 Mass. 182, 186, 187, and cases cited. See *Robrish* v. *Snyder*, 252 Mass. 92.

It follows that the exceptions are sustained and judgment is to be entered on the verdict of the jury.

*So ordered.*