SELINA LAMEREAUX *vs.* WILLIAM TULA & another.

Worcester.   September 22, 1942. — October 29, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Snow and Ice. Nuisance. Way,* Public: nuisance, notice. *Negligence,* Contributory. *Notice.*

A patch of ice on a sidewalk, resulting from water drained from the roof of a nearby building through conductors ending at a point a few feet from the sidewalk, whence the water ran down a slope onto the sidewalk and froze, was a nuisance rendering one owning and controlling the premises liable to a pedestrian injured by falling on the ice while in the exercise of due care, irrespective of whether the owner was negligent.

A statement, in a notice to the defendant under G. L. (Ter. Ed.) c. 84, § 18, in the form appearing in St. 1933, c. 114, § 1, that an accident happened "in front of the premises which you own at" number 4 on a certain street, where it appeared that it happened in front of premises numbered 8 on that street, that the defendant owned no premises on that street other than those numbered 8, that there was no intention to mislead the defendant and that he was not misled, was a mere inaccuracy not precluding recovery by the plaintiff.

A conclusion of contributory negligence on the part of a woman pedestrian injured by falling on a patch of ice on a public sidewalk was not required as a matter of law by the fact that she noticed the ice and nevertheless attempted to cross it, taking hold of the pickets of a fence to aid her.

TORT. Writ in the Superior Court dated April 21, 1939. Judgment was ordered by *Dillon,* J.

*J. Y. Young,* for the defendants.

*W. J. Griffin,* (*J. M. Shea* with him,) for the plaintiff.

RONAN, J. In this action of tort to recover for personal injuries, sustained when the plaintiff slipped upon a patch of ice on the sidewalk of a public way which, she alleges, was formed by the collection of water upon the premises of the defendants and its discharge upon the way, an auditor, whose findings of fact were to be final, has found that the plaintiff, in going to visit her sister, who lived in the premises owned by the defendants, noticed and crossed over an area of ice which was about two feet in width near the fence of the defendants' premises and extended somewhat wider toward the curb of the sidewalk. The defendants' premises sloped toward the street. The conductor from the roof drained into a short cement runway which led into a wooden trough, the end of which was about five feet from the sidewalk, and there was ice in this wooden trough and a sheet of ice from the trough to the fence and onto the sidewalk where the plaintiff fell. This was the only ice upon the sidewalk in the vicinity of the place of the accident. On her return from her sister's home, the plaintiff again saw the ice and seized the pickets of the fence to aid her in crossing it, but after taking about two steps her feet slipped from under her and she fell on the ice, sustaining personal injuries. The auditor found that the plaintiff was not guilty of contributory negligence. The accident happened in front of No. 8 Mendon Street. The notice that was given of the time, place and cause of the accident gave the place of the accident as in front of No. 4 Mendon Street. The auditor found that there was no intention to mislead the defendants and that they were not misled. The auditor stated that his ultimate findings were based upon the subsidiary findings reported by him and that if the plaintiff was entitled to recover then he assessed the damages at a certain amount. The defendants appealed from an order for judgment for the plaintiff for the damages found by the auditor.

The findings of fact of the auditor were to be final and his report in effect is a case stated. Where, as here, the auditor's conclusions of fact rest solely upon inference drawn by him from his subsidiary findings, his conclusions of fact are open to review not only by the trial court but by this court when the case comes here on appeal, and it is the duty of this court to reach its own conclusions unaffected by the action of the trial court and to determine what conclusions should be drawn from the subsidiary findings. *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108–109. *Keefe* v. *Johnson,* 304 Mass. 572, 573. *Mahoney* v. *C & R Construction Co.* 311 Mass. 558.

The findings of the auditor, together with the warranted inferences therefrom, show that water was artificially collected upon premises owned and controlled by the defendants by means of a conductor draining the roof, a runway from the base of the conductor and a trough, and then discharged upon the public way where it froze, rendering the way dangerous and constituting a public nuisance thereon, and making the defendants liable to a traveller who was injured while in the exercise of due care by falling upon the ice. *Cochran* v. *Barton,* 233 Mass. 147. *Bullard* v. *Mattoon,* 297 Mass. 182. *Troy* v. *Dix Lumber Co.* 300 Mass. 214. *Crafts* v. *McCobb,* 303 Mass. 172. *Harrison* v. *Poli-New England Theatres, Inc.* 304 Mass. 123. *Sullivan* v. *Long,* 310 Mass. 230.

The auditor found that there was no direct evidence as to how long the ice had been upon the sidewalk prior to the accident, and that the defendants had no knowledge of its presence until several hours after the accident. If the plaintiff were suing in tort for negligence, we think that the defendants, in view of the condition of the ice in the trough and the ice from the trough to the sidewalk at the time of the accident, the generally below freezing temperature during the four days preceding the accident, and the permanent layout of their premises for the collection and discharge of water therefrom, knew or ought to have known of the presence of the ice in time to take steps prior to the

accident to remove this danger from the way. But the plaintiff's action sounds in tort for the maintenance of a public nuisance. Where a landowner constructs structures or channels upon his land whereby water is artificially collected and discharged upon a sidewalk and thereby creates a dangerous area of ice upon the street, he is liable "notwithstanding all the care that can be taken" to protect pedestrians. *Shipley* v. *Fifty Associates,* 106 Mass. 194, 200. *Leahan* v. *Cochran,* 178 Mass. 566. The plaintiff was not required to prove negligence upon the part of the defendants in order to prevail upon a count for nuisance. *McKenna* v. *Andreassi,* 292 Mass. 213. *Bullard* v. *Mattoon,* 297 Mass. 182. *Nelson* v. *Economy Grocery Stores Corp.* 305 Mass. 383. *Jones* v. *Hayden,* 310 Mass. 90.

The statutory notice gave the place of the accident as "the sidewalk in front of the premises which you own at 4 Mendon Street in the City of Worcester." The defendants owned no premises on this street other than those located at No. 8 Mendon Street. This was an inaccuracy but the notice was not invalid, as the auditor found that there was no intention to mislead the defendants and that they were not misled. G. L. (Ter. Ed.) c. 84, § 18, in the form appearing in St. 1933, c. 114, § 1. *Sheehan* v. *Lynn,* 269 Mass. 571. *Crowell* v. *Malden,* 273 Mass. 456. *Medeiros* v. *Somerset,* 306 Mass. 557.

Upon the findings of the auditor the plaintiff was not guilty of contributory negligence. Knowledge of the presence of the ice and her attempt to travel over it by using the fence as a support do not brand her conduct as negligent as matter of law. *Thompson* v. *Bolton,* 197 Mass. 311. *Barton* v. *Boston,* 301 Mass. 492. *Sullivan* v. *Saugus,* 305 Mass. 127. *Mello* v. *Peabody,* 305 Mass. 373.

*Order for judgment affirmed.*