CHARLOTTE C. DELANO *vs.* MOTHER'S SUPER MARKET, INC.

Worcester.    September 22, 1959. — January 28, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Nuisance.    Real Property*, Nuisance.    *Words*, "Nuisance."

In an action against a store proprietor in control of premises containing the store building and an outdoor area used by customers, for personal injuries sustained by a customer when, while walking across the outdoor area, she slipped on snow covered ice which had been created by the freezing of water artificially channelled from the building onto the outdoor area, the plaintiff was not entitled to recover "on a theory

of nuisance" in the absence of negligence on the part of the defendant, and a specific finding that there was no such negligence required judgment for the defendant [295–297]; WHITTEMORE, J., dissenting; CUTTER, J., dissenting in part.

Discussion of "nuisance," apart from negligence, as a basis of liability of one in control of land. [296–297, 298–301]

TORT. Writ in the Superior Court dated January 30, 1957.

The action was heard without jury by *Macaulay*, J.

The case was argued in September, 1959, before *Wilkins*, C.J., *Ronan, Counihan, Whittemore*, & *Cutter*, JJ., and afterwards was submitted on briefs to *Spalding* and *Williams*, JJ.

*Francis P. O'Connor*, for the defendant.

*Jacob Y. Young*, for the plaintiff, submitted a brief.

COUNIHAN, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries sustained when she was on land in the control of the defendant as a business invitee of the defendant, by reason of an accumulation of snow and ice on that land. The declaration contained four counts. The first count was grounded upon negligence and the second count upon a nuisance. In the third and fourth counts the husband of the plaintiff sought to recover consequential damages but the judge found for the defendant on these counts because of want of suitable notice by him to the defendant. *Erickson* v. *Buckley*, 230 Mass. 467, 472–473.

Counts 1 and 2 allege that the accident happened on a walk on Granite Street, a public highway in the town of Webster, on February 20, 1956. The evidence showed that the accident happened on land in the control of the defendant about fifteen feet away from Granite Street. No motions or requests for rulings in respect to this variance were made by the defendant.

The action was tried before a judge without jury who filed written findings of fact and rulings of law, and found for the defendant on count 1 and for the plaintiff on count 2. The judge expressly found that the plaintiff was a business invitee of the defendant and that there was no negligence on the part of the defendant. He found for the plaintiff on

count 2 on the theory of a "nuisance." Whether a public or private nuisance existed he did not determine specifically.

The action comes here upon the exceptions of the defendant to the denial of its request "3. The evidence does not warrant a finding that the plaintiff, Charlotte C. Delano, was a business invitee of the defendant when her alleged injuries were incurred," and to certain rulings of the judge, "1. Where a defendant in control of premises, collects water into a definite channel in any manner and pours it upon an areaway designed for the use of business invitees whereby, through the operation of natural causes, ice there forms, it is the efficient cause in the creation of a nuisance and he is liable for whatever damages result as a probable consequence. 2. The plaintiff may recover damages from the defendant for personal injuries taking place on the defendant's private property, on a theory of nuisance. 3. The plaintiff, Charlotte C. Delano, may recover damages from the defendant for personal injuries sustained by her while she was a business invitee of the defendant on premises within the defendant's control, where there was no negligence on the part of the defendant, on a theory of nuisance."

We assume without deciding that upon the evidence the judge was warranted in finding that the plaintiff was a business invitee of the defendant so that there was no error in the denial of the defendant's request for a ruling to the contrary. We are of opinion that there was error in the rulings of the judge to which the defendant took exceptions, whether the judge acted on the theory of a public or private nuisance.

It is settled by the express finding and by the finding for the defendant on the count for negligence, to which no exception was taken by the plaintiff, that the injury sustained by the plaintiff was not caused by any negligence of the defendant so that the only issue before us is whether the plaintiff may recover on count 2 on the theory that the defendant maintained a nuisance on its land. *United Elec. Light Co.* v. *Deliso Constr. Co. Inc.* 315 Mass. 313, 317.

The findings of facts by the judge disclose the following: The defendant was a tenant and in control of a certain parcel of land on Granite Street. The defendant conducted a supermarket on this parcel in a building, the front of which was about thirty feet from the Street. Between Granite Street and the building was a substantial black topped area which was used by customers of the defendant going to and from the store on foot or by automobile. The judge could warrantably have found that there was ice on the surface of this area caused by an artificial collection of water from the gutter and eaves of the building which became frozen and was covered by light snow.

The plaintiff accompanied by a friend walked along Granite Street on her way to work. When about opposite the supermarket at about 8 A.M. she left Granite Street and walked across the black topped area to the entrance to the store to purchase cough drops. There was a light on in the store but when she reached the entrance she discovered that the store was not open. She then turned around and retraced her steps intending to get onto Granite Street and continue on her way to work. When approximately in the middle of the areaway she slipped on the snow and ice and sustained injury.

On these findings, the accident did not happen on Granite Street. There is no basis for recovery on the theory stated in cases like *Shipley* v. *Fifty Associates*, 106 Mass. 194. See *Leahan* v. *Cochran*, 178 Mass. 566, 570; *Lamereaux* v. *Tula*, 312 Mass. 359, 362. The rule of liability in such cases is often described as resting on the creation of a public "nuisance." Despite language in our cases suggesting that such liability for creating a dangerous condition in a public way may arise apart from negligence, such statements may be too broad. See *Bullard* v. *Mattoon*, 297 Mass. 182, 187. See also *Smethurst* v. *Barton Square Independent Congregational Church*, 148 Mass. 261, 264–265; *Leahan* v. *Cochran*, 178 Mass. 566, 569; *Hynes* v. *Brewer*, 194 Mass. 435, 439–440; *Blanchard* v. *Stone's Inc.* 304 Mass. 634, 639. These cases we need not now review, beyond noting that the lia-

bility, even in such cases, may rest on negligence in maintaining an artificial structure on private land which the owner should have foreseen would cause a dangerous condition on a public way.

We are not inclined to extend the doctrine of these cases, if it exists apart from negligence, to the creation of dangerous conditions on land of a defendant. The term "nuisance" as a ground of liability usually results in confusion and frequently is a method of avoiding precision in analysis. See Restatement: Torts, c. 40, Scope and Introductory Note, pp. 215–225 (cf. §§ 822–824); Prosser, Torts (2d ed.) §§ 70–72. Accordingly, no liability can be found to exist on any theory of "nuisance." As the trial judge has found that there was no negligence, there can be no recovery.

The case of *United Elec. Light Co.* v. *Deliso Constr. Co. Inc.* 315 Mass. 313, relied upon by the plaintiff, is distinguishable on its peculiar facts and its holding ought not to be extended.

*Exceptions sustained.*
*Judgment for the defendant.*

CUTTER, J. (dissenting in part). 1. I concur in sustaining the defendant's exceptions. I think the defendant would be liable (in the absence of intentional harm) only if found to have been negligent. That probably is also the correct analysis of cases like *Shipley* v. *Fifty Associates*, 106 Mass. 194, dealing with injuries occurring on public ways caused by conditions existing on adjacent private land. It is not now necessary, however, to decide that question.

2. I would not now order judgment for the defendant, but would merely sustain the defendant's exceptions. The trial judge concluded that "it cannot quite be found that there was negligence on the part of" the defendant. The immediate context of this conclusion suggests strongly that the judge meant no more than that there was no negligence on the part of the defendant in clearing the areaway of snow, or in supervising and maintaining the areaway. His ruling (see fourth paragraph of the opinion) that the defendant "is

liable for nuisance without proof of negligence" indicates that he regarded it as unnecessary to consider whether the defendant had been negligent in maintaining its structure and areaway in a condition which the defendant knew, or in the exercise of reasonable care ought to have known, might result, as a foreseeable and probable consequence, in a dangerous artificial accumulation of ice and snow in places used by invitees. The judge's subsidiary findings imply that he would have concluded, if he had thought it relevant, that such negligence existed. Instead he seems to have assumed that the circumstances found by him, because constituting what he calls a "nuisance," created essentially an absolute liability wholly apart from negligence of any type. In view of this erroneous assumption and the likelihood that there was failure to consider important aspects of the issue of negligence, I think that there should be opportunity for reconsideration and further proceedings in the Superior Court in the light of the opinion.

WHITTEMORE, J. (dissenting). I think the final disposition of this case should not depend upon the fact that the plaintiff, when injured, was on an area owned by the defendant, adjacent to the public sidewalk, rather than on the sidewalk, or upon the holding that the finding below of no negligence is decisive.

1. If the injury had occurred on the public way, the judge's rulings would have had support in our decisions. See *Lamereaux* v. *Tula,* 312 Mass. 359, 362 ("The plaintiff was not required to prove negligence upon the part of the defendants in order to prevail upon a count for nuisance").

The texts which the opinion cites show that such a rule cannot be based on the concept that a count for nuisance for so maintaining a roof as to create a danger on a public way is in effect the old common law action for a nuisance and hence one which entails old common law rules of liability. There was such an action only for a *private* nuisance; under it the possessor of land whose interest was thereby invaded was allowed to recover incidental damages for harm

to his person or property and, as in all other early tort actions, the actor in the early law was liable regardless of fault. Restatement: Torts, c. 40, Scope and Introductory Note, pp. 215–216. Although the concept of strict liability persisted longer in actions for a private nuisance, this was without justification, and liability in such an action, as in all other tort cases, should turn on whether the "interferences . . . are intentional and unreasonable, or result from negligent, reckless, or ultrahazardous conduct." *Ibid.*, p. 221. It follows that no principle of strict liability is made relevant by calling the dangerous roof adjacent to the public way a public nuisance, as our decisions have done, thereby extending the concept beyond that usually stated. See majority opinion and Restatement: Torts, c. 40, Scope and Introductory Note, pp. 216–217.

The first opinion in the leading case establishing liability for a dangerous roof over a public way, *Shipley* v. *Fifty Associates*, 101 Mass. 251, 253, reasonably sets out the analogy of its facts to incidental harm caused by a private nuisance. "If one . . . [by a roof spout] throws . . . [water] upon his neighbor's land, an action lies. . . . If one's real estate is thus protected, certainly his person must be equally protected. If the water may not be thrown upon his land, it may not be thrown upon his head while he is standing on his land. A traveller in the use of a highway is as much entitled to protection as if he were the owner in fee simple."

There is, of course, on the facts, no more ground for an action for a private nuisance than in cases strictly in the *Shipley* line. But the argument by analogy which underlies the *Shipley* case is applicable and is, I submit, controlling. Whatever rights the traveller has because, as that case said, he should be as protected as would be a landowner on his invaded land, should be the rights of the invitee where he is subjected to the effects of water poured from the roof of an abutter; even more clearly so where the water is poured from the roof of his invitor. Nothing in reason can let recovery turn on whether the plaintiff had passed from the

public way onto the storekeeper's adjacent paved area differentiated from it only by "a ridge three to five inches high made of the same black top material." The case of *United Elec. Light Co.* v. *Deliso Constr. Co. Inc.* 315 Mass. 313, 319, 321, although distinguishable, as the opinion notes, speaks for the analogy. The defendant, building a tunnel, so forced grout under high pressure that it permeated manholes and conduits of the plaintiff. This property of the plaintiff "remained personal property as against the abutter and the public" but we held that the "defendant had no more right to injure this underground system because it was personal property than it would have if it had become a part of the realty." We termed it a private nuisance, and allowed recovery in nuisance on the ground that, even though the plaintiff had no interest in the land affected, "anyone who has been injured by a private nuisance is entitled to recover for the damage resulting to him."

I agree with Mr. Justice Cutter that, probably, on correct analysis, none of our roof cases shows liability without fault.[1] But whatever the rule is, it should be applied to the facts before us. To do so, I submit, would be to *apply* rather than, as the opinion states, "to extend the doctrine" of the

---

[1] The only basis for the principle would appear to be extrahazardous conduct, and we have carefully restricted this doctrine to exclude such cases as these. See *United Elec. Light Co.* v. *Deliso Constr. Co. Inc.* 315 Mass. 313, 321–322. The early roof cases plainly did not state a rule of liability without fault, and I think later statements which do so, or appear to do so, should be disregarded. For early statements see *Shipley* v. *Fifty Associates*, 106 Mass. 194, 199 ("He has no right so to construct his building that it will inevitably . . . subject his neighbor to that kind of inconvenience; and no other proof of negligence on his part is needed"); *Smethurst* v. *Barton Square Independent Congregational Church*, 148 Mass. 261, 265 ("It is well settled . . . that one who violates a duty . . . to others, or commits a tortious or wrongfully negligent act, is liable . . ."). Accord *Bullard* v. *Mattoon*, 297 Mass. 182, 187 ("not obliged to prove specific negligence in the construction or maintenance of the owner's building. The duty of the owner is, not to erect or maintain his building so that it creates a dangerous area of ice upon the street"). In *Leahan* v. *Cochran*, 178 Mass. 566, 570, cited for strict liability, the court said, "The defendant as owner must have known this or must be presumed to have known it." In *Fuller* v. *Andrew*, 230 Mass. 139, 146, there was a true public nuisance, in the maintenance of a wharf without a license, but query if the opinion states liability without *any* fault. The present rule as to incidental damage from a true *private* nuisance excludes liability without fault. *Maynard* v. *Carey Constr. Co.* 302 Mass. 530, 533. See *United Elec. Light Co.* v. *Deliso Constr. Co. Inc.* 315 Mass. 313, 321 (unreasonable affirmative action).

decided cases. Therefore, I think the rulings below should not be held erroneous without first determining whether the theory is valid which the opinion assumes is "stated in cases like *Shipley.*"

2. Findings below warrant, if they do not require, the conclusion that the defendant in maintaining its building was acting affirmatively and unreasonably and in disregard of its duty to its invitees. The judge found that the control of the property had been in the defendant for several years, actively exercised in its behalf by the son and daughter of the builder; they made all repairs and improvements and did whatever was necessary "to keep . . . the premises maintained." The "drain as described . . . and the construction of the eaves trough, drain and splash pan . . . channeled water and melting snow and ice into the areaway designed for customers' use." "The course this fanlike run off would take . . . would depend somewhat on conditions; . . . [because of land slope it would flow southerly, but] if snow was piled up by shoveling or plowing operations against the building or by accumulations of ice resulting from the drippings from icicles from the eaves trough, it would flow . . . in a more easterly direction toward the sidewalk. Since rain and melting snow were channeled from the drain to the customers' areaway, it would be *reasonable to expect that the person in control* of the building *would anticipate* the varied courses the run off would take over the areaway according to weather conditions or snow removal operations." "On Saturday . . . there was a heavy fall of snow . . . . The officers of the corporate defendant . . . had an independent contractor plow away the snow . . . on Sunday morning . . . . He piled [the] snow against the . . . building . . . . *This was a normal and expected operation.*" Snow melted Sunday, and froze Sunday night. "[On] Monday morning . . . the run off water from the drain on the areaway had frozen into ice" (emphasis supplied). It appears probable that the judge intended to find not that in this conduct the defendant was without fault but only that there was no negligence in the upkeep of the roof or in failing to remove, or

place sand on, the ice on the pavement. Indeed ruling No. 1 states the principles of liability for unreasonable affirmative conduct and appears to have been given because applicable to the facts. It rules correctly, apart from the reference to nuisance, that "[w]here a defendant in control of premises, collects water into a definite channel in any manner and pours it upon an areaway designed for the use of business invitees whereby, through the operation of natural causes, ice there forms, [it is the efficient cause in the creation of a nuisance and] he is liable for whatever damages result as a probable consequence" (brackets added). The conclusion of "nuisance" is unnecessary for no doctrine of liability without fault need be resorted to on the facts recognized in the ruling and found by the judge. The probability that the judge in his finding of no negligence was referring only to "specific negligence" (*Bullard* v. *Mattoon,* 297 Mass. 182, 187) is enhanced by the context in which it was first made. The judge said, "In this case, the areaway had been plowed out and cleared the day before. A flurry of light snow had fallen within a half hour before the accident to the plaintiff and covered the patches of ice. *Under the circumstances* it cannot quite be found that there was negligence on the part of . . . [the defendant corporation]" (emphasis supplied). Language in some of the cases tends to give support to the concept, which the opinion rightly rejects, that fault in maintaining a dangerous roof is a different tort from negligence. See *Lamereaux* v. *Tula,* 312 Mass. 359, 361–362.[2] The opinion establishes that a finding of no negligence, in the full scope of the word, is of critical relevance in this and like actions. See *Smethurst* v. *Barton Square Independent Congregational Church,* 148 Mass. 261, 265. But the issue now is the meaning of the finding below in its context and in the light of the decisions.

---

[2] The blasting cases may be thought to support the distinction. There is an analogy between gathering and discharging the water so as to hurt others and the unreasonable affirmative conduct of blasting where there is risk of throwing debris and hitting others or their property. Though we say there is liability "regardless of negligence," *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447, 452, it is not, semble, liability without fault.

In the circumstances there is, I think, adequate ground to overrule the exceptions. But there may be a question of the legal effect of the findings in respect of negligence, whatever the intent, in which case I think our disposition should be merely "exceptions sustained," thus allowing a retrial.

I think the conclusion that the plaintiff was an invitee was warranted on the facts found.