WALTER HARTYE, PLAINTIFF, v. GRAND PROPERTIES, INC., A CORPORATION, AND MAYBURN KNITTING MILLS CORP., A CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided July 18, 1962.

*Messrs. Florio, Dunn, Marciano & Lypinski,* attorneys for plaintiff (*Mr. Stephan P. Lypinski,* appearing).

*Mr. Charles E. Howell,* attorney for defendant Grand Properties, Inc.

FURMAN, J. S. C. ■ The defendant Grand Properties, Inc. made a motion for judgment of dismissal at the close of the entire case. Pursuant to *R. R.* 4:51–2, the court reserved decision on the motion and is now deciding the motion after submission of the case to the jury and a jury verdict in favor of the plaintiff. On a motion for judgment of dismissal at the close of the entire case the plaintiff's evidence must be viewed in its most favorable light and all inferences favorable to him must be drawn.

This was a sidewalk negligence action. Plaintiff's proof supported the findings here set forth. He stumbled and fell over a hole about four or five inches long and one or two inches deep at an expansion joint in the concrete sidewalk abutting the premises of the defendant on 8th Street between Clinton and Grand Streets in Hoboken, on December 4, 1960. He sustained a fracture of his left arm. The sidewalk had been constructed by Continental Baking Co., a predecessor in title to the defendant, sometime in 1945. The middle longitudinal strip where the hole occurred was negligently constructed, not in conformity with prevailing industry standards in 1945, for one or more of the following reasons: (1) the concrete was improperly proportioned; (2) the concrete was improperly mixed by hand or machine; (3) the concrete was improperly laid with a segregation of the cement mortar and coarse aggregates; (4) the concrete was improperly finished because of too much trowel work causing scaling. As a result of negligent or faulty construction the middle longi-

tudinal strip was less durable under the force of elements and pedestrian wear and tear and developed this hole in 15 years. A properly constructed sidewalk would have withstood the force of elements and pedestrian wear and tear for approximately 40 years.

No evidence was introduced as to the deterioration of the middle longitudinal strip prior to the plaintiff's fall. Officers of the defendant corporation testified that the sidewalk was in good condition according to their visual inspection upon their acquisition of the property, including the sidewalk, in 1956 and on recurrent visits up to December 4, 1960. Plaintiff's expert, a licensed professional engineer specializing in civil engineering, testified on cross-examination that a layman or nonexpert in this field would have found it impossible to tell on December 4, 1960 if the hole described by the plaintiff and by another witness and shown on photographs admitted in evidence was the result of faulty construction or of the force of elements and of pedestrian wear and tear.

The jury was charged that the elements of the plaintiff's cause of action were negligent construction by a predecessor in title of the defendant, proximately causing an injury sustained by the plaintiff. From all the evidence the jury apparently determined that Continental Baking Co. was the prior owner and grantor of the premises (including the sidewalk) to the defendant, Grand Properties, Inc.; that a new sidewalk was constructed by an independent contractor at the direction and in behalf of Continental Baking Co. in 1945; that this sidewalk was negligently constructed, resulting in its deterioration and breaking open of a hole many years before the force of the elements and pedestrian wear and tear would have caused such defect, and that plaintiff stumbled, fell and sustained an injury as a proximate result.

Review of the authorities in this State and elsewhere convinces me that the jury was not instructed as to all the elements of the plaintiff's cause of action. The rule of law should be that the owner of real property has a duty toward

passers-by on a sidewalk abutting his premises to make it reasonably safe for normal pedestrian use, if the abutting owner is aware of or in the exercise of reasonable diligence should discover that it has defects because of negligent construction by a predecessor in title. As part of the plaintiff's cause of action he had to establish that defendant Grand Properties, Inc. knew or should have known that the abutting sidewalk was negligently constructed, resulting in hazards to its safe use by pedestrians.

██ The owner of real property is not liable to passers-by for failure to maintain his sidewalk in a safe condition, *Moskowitz v. Herman*, 16 *N. J.* 223 (1954). He is not responsible for deterioration or defects resulting from the force of elements or wear and tear by pedestrians, *Murphy v. Fair Oaks Sanatorium*, 127 *N. J. L.* 255 (*E. & A.* 1941), or the negligence of third parties, *Orlik v. De Almeida*, 45 *N. J. Super.* 403 (*App. Div.* 1957). He is responsible only for affirmative wrongdoing: negligent construction, negligent repairs or negligent use by himself or a predecessor in title. The legal issue here is whether the law of this State imposes an obligation for negligent construction or repairs by a predecessor in title where an abutting owner with ordinary knowledge is unable to determine that such negligence was the cause of the deterioration of his sidewalk and not, as an equal or stronger hypothesis, the force of the elements and pedestrian wear and tear. The court concludes that there is no such obligation.

The general proposition that the owner of real property is liable for negligent construction or repairs to an abutting sidewalk by a predecessor in title has been stated in numerous cases. *Hayden v. Curley*, 34 *N. J.* 420 (1961); *Moskowitz v. Herman, supra; Schwartz v. Howard Savings Institution*, 117 *N. J. L.* 180 (*E. & A.* 1936). No decision has been found, however, imposing liability on a successor grantee where the defect was not one identifiable by common understanding and experience as the result of faulty construction or repairs.

Judgments on jury verdicts against vendees for negligence of their predecessors in title in building or repairing sidewalks were affirmed on appeal in *Braelow v. Klein,* 100 *N. J. L.* 156 (*E. & A.* 1924); *Gainfort v. 229 Raritan Avenue Corp.,* 127 *N. J. L.* 409 (*Sup. Ct.* 1941); and *McHugh v. Hawthorne Building & Loan Ass'n,* 118 *N. J. L.* 78 (*Sup. Ct.* 1937). In all three cases there was a sidewalk defect obviously attributable to negligence. In *Braelow v. Klein* the defendant's sidewalk as constructed was approximately three inches above the adjoining sidewalk and other sidewalks in the block. In *Gainfort v. 229 Raritan Avenue Corp.* the sidewalk, in an area where a gasoline pump had been removed, had sunk one and one-half to two inches below the normal sidewalk level. The proofs in *McHugh v. Hawthorne Building & Loan Ass'n.* showed an elevation of one sidewalk slab with a broken corner three to four and one-half inches above the adjoining slabs.

*Lambe v. Reardon,* 69 *N. J. Super.* 57 (*App. Div.* 1961), which is cited in plaintiff's brief, is likewise distinguishable. There a flagstone in defendant's sidewalk was above the level of adjoining flagstones because of a terra cotta drain pipe underneath it. The drain pipe was installed for the benefit of the abutting property.

The former Supreme Court and the Appellate Division of this court both have declined to rule on the application of the general rule of tort liability for negligent construction or repairs by a predecessor in title, in the absence of proof of actual or constructive knowledge of such negligence.

Judge Clapp for the Appellate Division stated in *Orlik v. De Almeida, supra,* at *page* 407:

"But if the owner is responsible for faulty work upon the walk, and therefore under a duty to remedy it, his successors in title will be placed under a like duty—at least (we do not decide the point) if the grantee was aware of or in the exercise of reasonable diligence should have discovered the faulty work. *Cf. Gainfort v. 229 Raritan Avenue Corp.,* 127 *N. J. L.* 409, 413 (*Sup. Ct.* 1941)."

Justice Heher commented in *Gainfort v. 229 Raritan Avenue Corp., supra,* at *page* 413:

"We have no occasion to determine whether a landowner is liable for the continuance of such nuisance created by his predecessor in title, even though he is unaware that the hazardous condition of the sidewalk is due to such structural defect and not to normal wear and tear or the elements, and it is not discoverable by the exercise of reasonable care. *Vide Morris Canal & Banking Co. v. Ryerson,* 27 *N. J. L.* 457; *Beavers v. Trimmer & Cole,* 25 *N. J. L.* 97; *Pierson v. Glean,* 14 *N. J. L.* 36; *Fuller v. Andrew,* 230 *Mass,* 139, 119 *N. E.* 694; *Leahan v. Cochran,* 178 *Mass.* 566, 60 *N. E.* 382, 53 *L. R. A.* 891; *Penruddock's Case,* 5 *Coke* 100. The point has not been raised by appellant. Such a rule would subject the landowner to liability for all injuries ensuing from sidewalk defects traceable to negligence in construction as a probable hypothesis, although in all seeming the result of normal wear and tear and so not chargeable to the wrongful act of the landowner or his predecessor in title. Compare *Schwartz v. Howard Savings Institution, supra.*"

Most (and the preferable) authorities hold a purchaser of real property liable for a nuisance only if he knows or in the exercise of reasonable diligence should know of it. 2 *Harper & James, Law of Torts,* § 27.21, *p.* 1531 (1956); *Prosser, Law of Torts* (*2d ed.* 1955), § 79, *p.* 463. The problem here is that the same condition, a hole or crack or crumbling of a sidewalk, is a nuisance if the result of negligent construction, repair or use, and not a nuisance if the result of force of elements and normal public uses for which it was built. This was recognized by Judge Jayne in *Mount v. Recka,* 35 *N. J. Super.* 374, 381, 382 (*App. Div.* 1955):

"In the determination of the liability of an abutting owner a distinction is made in the law between a faulty construction and its continuance, of which we have spoken, and the creation and existence of dangerous conditions which are caused by the natural action of the elements or the resultant wear of the public use. *Glass v. American Stores Co., Inc.,* 110 *N. J. L.* 152, (*E. & A.* 1933). For the existence of defective and dangerous conditions occasioned by the natural action of the elements or the resultant wear of the public use, although corresponding in proportions to a nuisance, the present law does not hold the abutting owner responsible in the absence of some wrongful act of his own. *Rupp v. Burgess, supra; Ford v. Jersey Central Power, etc., Co.,* 111 *N. J. L.* 112 (*E. & A.* 1933); *Murphy*

*v. Fair Oaks Sanatorium*, 127 *N. J. L.* 255 (*E. & A.* 1941) ; *Mosko-witz v. Herman, supra.* Conformably the abutting owner is under no legal duty to repair defects so caused. *Zemetra v. Fenchel Realty Co., Inc.*, 134 *N. J. L.* 358 (*Sup. Ct.* 1946), affirmed 135 *N. J. L.* 205 (*E. & A.* 1947) ; *Fischer v. Salomone*, 136 *N. J. L.* 431 (*Sup. Ct.* 1948) ; *Coll v. Bernstein*, 14 *N. J Super.* 71 (*App. Div.* 1951)."

The decisive question in determining liability thus is not whether the abutting land owner knew or should have known of a sidewalk defect, but whether he knew or should have known that the sidewalk defect was caused by faulty construction, repairs or use by himself or a predecessor in title. The *Restatement of Torts* is distinguishable because it advocates recognition of liability in a possessor of real property even for unsafe conditions caused by the forces of nature or wear and tear of intended public use, 2 *Restatement, Torts,* §§ 364, 365, 366 (1934). The New Jersey law on sidewalk liability by overwhelming authority is to the contrary.

The motion for judgment notwithstanding the verdict can be granted here only if the court is satisfied that the plaintiff failed to establish as an element of his cause of action that the defendant knew or should have known in the exercise of reasonable diligence that the sidewalk was negligently constructed by its predecessor in title.

For all the appellate opinions indicate, the juries in *Braelow v. Klein; Gainfort v.* 229 *Raritan Avenue Corp.* and *McHugh v. Hawthorne Building & Loan Ass'n, supra,* were not instructed to determine the fact of actual or constructive knowledge of negligent construction or repair by a predecessor in title. But these authorities are distinguishable, as analyzed above. From proof of specific conditions, raised or subsided sidewalks, it was inferable, based upon common understanding and experience, that the construction or repairs were faulty as well as dangerous.

Under the facts in this case no presumption arises and no inference may be drawn of negligent construction solely from the breaking open of a hole at an expansion joint in the defendant's sidewalk. In inspecting the sidewalk

carefully someone other than an engineer or other specialist in concrete construction could not determine whether the defect was caused by negligent construction or by force of the elements and pedestrian wear and tear, as plaintiff's own expert testified. There is no showing here that the defendant had actual knowledge or had available to it any specific information that the middle longitudinal strip of the sidewalk over which the plaintiff fell was negligently constructed by a predecessor ·in title fifteen years before. Comparable deterioration or crumbling of sidewalks is commonplace.

The remaining question is whether an abutting property owner is required as a duty to passers-by, when he detects a crack, a hole or crumbling of his sidewalk, to secure an opinion from an engineer or other expert as to its cause and to repair it if advised that a substantial contributing factor was negligent construction or repair by a predecessor in title. The court concludes there is no such duty to secure an expert opinion and that an abutting owner is not chargeable with constructive notice of negligent construction or repair of his sidewalk, which is not recognizable with reasonable probability by a person of ordinary knowledge and experience.

The motion for judgment notwithstanding the verdict is therefore granted.