*Municipal Court of the City of Boston*

No. T-10833
**LEO STREMSKY**
v.
**LOUIS LEVENSON**

(October 8—October 15, 1965)

Case tried to *Gillen, J.*

*Adlow, C. J.* Action of tort to recover for injuries suffered by reason of a fall caused by an artificial accumulation of *snow and ice* on a sidewalk adjoining premises owned by the defendant.

The plaintiff declared in two counts: one, basing the plaintiff's claim on the *negligence* of the defendant; the other, alleging the maintenance of a *nuisance*. The court found for the plaintiff on the negligence count and for the defendant on the count declaring a nuisance.

*There was evidence that* the plaintiff fell on an artificial accumulation of ice on the sidewalk adjoining the premises of the defendant; that said ice appeared to be caused by a flow of water from a gutter on the side of the house; the ice could be seen from the locus of the injury to the wall of the defendant's house, and thence upward to a point near the gutter where there was a noticeable sag in the level of the gutter. On the day preceding the accident there was a temperature range of 21° to 32° farenheit.

On these facts a finding for the plaintiff on the nuisance count would have been warranted. *Shipley v. Fifty Associates,* 106 Mass. 194; *Leahan v. Cochran,* 178 Mass. 566, 570; *Lamereaux v. Tula,* 312 Mass. 359. While there are circumstances under which

the basis of liability for a nuisance can be clearly distinguished from facts sufficient to support a claim for negligence, *Fisher v. Cushing,* 134 Mass. 374, in the usual situation there are many common elements in both types of claim. In this Commonwealth many claims arising from situations, not unlike that under review, have been sustained on the ground of negligence. *Smethurst v. Barton Square Church,* 148 Mass. 261. See: *Delano v. Mother's Supermarket, Inc.,* 340 Mass. 293, 296-297. It is not without significance that in *Fletcher v. Rylands,* L.R. (Eng.) 1 Ex. 265, 266, all three counts on which the plaintiff declared alleged negligence. We must keep in mind that a rule of policy has virtually imposed an absolute liability on those who maintain potentially dangerous structures adjacent to the highway, and that the circumstances that culminate in the presence of a dangerous condition resulting in injury are attributed to a "negligent keeping". Pound: Introduction to Philosophy of Law, p. 91.

In the cause under review the court was not obliged to rely on a dogmatic fiction to sustain the claim for negligence. The evidence indicates the presence of a sagging gutter on the defendant's roof, a gutter that was lower in the middle than at the ends. The overflow from the gutter to the street was directly traceable to this sagging condition and to the failure of the defendant

to correct it. This was negligence. *Ainsworth v. Lakin,* 180 Mass. 397, 399-401.

There is no merit to the claim of the defendant that the finding for the defendant on the nuisance claim bars a right to find for the plaintiff on the negligence count.

The findings of fact made by the court clearly indicate that its disposition of the nuisance count was for the sole purpose of simplifying the issue. It was unnecessary to the plaintiff's case. The finding for the defendant on this count had no other effect than to strike it from the pleadings. See: G. L. c. 231, §86. *Report dismissed.*

Charles E. Colson, of Milton, for the Plaintiff.

Louis Karp, of Boston, for the Defendant.