*Municipal Court of the*
*City of Boston*

No. 222876

**FLORENCE KILEY**

v.

**IRVING SAUNDERS, ET ALS**

Argued: Sept. 29, 1972 - Decided: Oct. 5, 1972

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Spec. J.

Case tried to *Elam, J.*

**Adlow, C.J.** Action of tort to recover for injuries resulting from the fall of ice from the roof of a building owned by the defendant.

**There was evidence that** on February 28, 1967 at approximately 12:30 P.M. the plaintiff, Florence Kiley, was walking to her place of employment. Due to the wind she walked close to the building on the first floor of which was located Liggett's Drug Store at the corner of Boylston and Berkeley Streets in Boston. The weather was chilly, the sidewalk was wet, and it was windy. As she moved along, hugging the building and within six inches of the front wall, she was struck on the head and shoulders by an object. She looked around and noticed a broken icicle arond her. One piece of ice measured approximately two feet in length and two or three inches in diameter. Upon looking up she saw other icicles hanging from the gutter which bounded the roof. This gutter overhung the public sidewalk where she was walking. She further testified that she observed water

dripping from the icicles onto the public side-walk.

At the close of the evidence the defendant filed requests for rulings and the court, after denying the requests which shall be presently considered, found for the plaintiff on both the nuisance and negligence counts. Being aggrieved, the defendant brings this report.

In view of the admitted facts and stipulations, there is no question with respect to the defendant's ownership or control of the premises involved in the controversy. The only issues remaining concern the sufficiency of the reported evidence to warrant a finding for the plaintiff on the counts for negligence or nuisance.

In this Commonwealth the owner of land abutting on a public way has the duty to refrain from using his land or maintaining conditions or structures thereon in a manner which will interfere with the safety and convenience of travellers on the public way. *Shipley* v. *Fifty Associates*, 106 Mass. 194, 199.

One who suffers as a consequence may assert his rights in a claim based on negligence or nuisance. Except in very unusual circumstances the evidence necessary to support a nuisance claim will support a claim for negligence. This derives from the fact that most courts view the act of maintaining a nuisance as a careless and negligent act in itself. *Swethurst* v. *Barton Square Church*, 148 Mass. 261, 265.

*Shepard* v. *Creamer,* 160 Mass. 496, 498. *Bullard* v. *Mattoon,* 287 Mass. 182, 187. *Lameraux* v. *Tula,* 312 Mass. 359. *Delano* v. *Mother's Super Market, Inc.,* 340 Mass. 293. In fact, a careful study of the many cases involving structures abutting on the way which, from operation of natural forces cause injury, compel the conclusion that the same facts which will warrant a finding based on nuisance will sustain a finding based on negligence.

In the cause under review the court found for the plaintiff on the count based on nuisance and there was ample evidence to support the finding. *Lameraux* v. *Tula,* 312 Mass. 359. *Pritchard* v. *Mabrey,* 1970 Adv. Sheets 1245.

The facts which suffered to sustain the nuisance claim sufficed to sustain the negligence count and excused the failure of the plaintiff to produce any other proof of negligence. *Shipley* v. *Fifty Associates,* 106 Mass. 194, 199.

There was no error.

**Report dismissed.**

No brief or argument for the Plaintiff
PAUL M. SHANLEY of Boston
for the Defendant