JOHN F. HAKKILA & others *vs.* OLD COLONY BROKEN STONE AND CONCRETE COMPANY.

Norfolk.   March 8, 1928.— September 20, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, To enjoin continuing trespass, Adequate remedy at law, Damages. *Nuisance. Permit. Damages*, In suit in equity. *Equity Pleading and Practice*, Master: findings of fact, reopening of case; Supplementary bill.

In a suit in equity to enjoin blasting of stone in such a way as to throw stone upon premises of the plaintiffs, dwellers in the neighborhood, a master in substance found, upon evidence not reported, that blasting operations carried on by the defendant before the bill was filed caused substantial numbers of stones from time to time to fall upon each plaintiff's premises; that, while at that time there had been little, if any, physical damage done thereby, the serious feature was the danger which existed of injury to persons; that each plaintiff, by reason of such circumstances, was entitled to damages amounting to $250 by reason of the disturbance of his reasonable peace and comfort, and one plaintiff, a woman, to $250 additional because, by reason of the conditions due to the blasting and flying stones, a nervous condition had arisen for which she had had to have medical treatment; and that eight months after the bill was filed blasts had thrown stones which, striking houses, did $25 damage to one of the plaintiffs and $5 damage to another. *Held*, that

(1) Such throwing of stones constituted a direct trespass and its continuous character shown by the master's findings created a nuisance as to the plaintiffs and justified relief by injunction;

(2) A permit, issued by the clerk of the city where the blasting operations were carried on, permitting the defendant "to use an explosive in the blasting of rock or any other substance at its quarry," and the giving of a bond in the sum of $1,000 under the provisions of St. 1911, c. 325, did not justify the maintenance of the nuisance;

(3) The statutory remedy on the bond of the defendant given under St. 1911, c. 325, did not afford to the plaintiffs exclusive relief; they might maintain the suit in equity;

(4) It was proper to award damages as well as to give relief by injunction;

(5) No error of law appeared in the damages awarded.

The suit above described was begun on November 20, 1914. The master's report was filed on October 14, 1915. A supplemental bill, setting forth further unlawful blasting by the defendant eight months after the filing of the bill, was filed by leave of court on September 4, 1925. The suit was heard by the court on January 20, 1926, and a final decree was entered on November 21, 1927. *Held,* that

(1) The long delay between the filing of the bill and the issuance of the injunction was no bar to the injunction;

(2) The judge had authority to permit the filing of the supplementary bill.

It *was stated* that a master, to whom was referred a suit in equity, had discretionary power to reopen hearings after arguments but before the preparation of his draft report.

BILL IN EQUITY, filed in the Superior Court on November 20, 1914, and afterwards amended, described in the opinion.

The plaintiffs in the bill as amended were John F. Hakkila, Corodo Tangherlini, Michael Tuomikoski and Emilia Nisula.

In the Superior Court, the suit was referred to a master. The master's report was filed on October 14, 1915. The permit relied on by the defendant was issued to it on November 27, 1914, seven days after the bill was filed, and was as follows: "Quincy, November 27, 1914. THIS IS TO CERTIFY that the Old Colony Broken Stone & Concrete Co., has been issued a permit to use an explosive in the blasting of rock or any other substance at its quarry off Vernon Street. In accordance with Chapter 325, Acts of 1911, a bond of $1000 has been filed in the office of the City Clerk. This permit will expire on the 27th day of November, 1915. (Signed) EMERY L. CRANE, City Clerk. APPROVED: (Signed) FAXON T. ZILLINGS, Chief of Fire Department."

Among other findings by the master were the following: "I am satisfied that from time to time substantial numbers of stones have fallen upon the plaintiffs' premises from the defendant's blasts. There has been little if any injury done by them and the actual damage therefrom I find to be nominal. . . . The serious feature is not the actual damage which has been done to the property, but the danger which has existed and still exists of injury to persons. . . . The plaintiffs and members of their families testified that they were rendered nervous and uneasy because of the falling stones and the

threatened danger. I have no doubt that this is so. . . . I believe this is a real and not a fanciful condition. I find that some of the members of the plaintiffs' families, because of the stones which have thus come upon their premises, are in the habit of running to cover when the whistle blows for the blast, and that there is a general feeling in the immediate neighborhood that there is danger from them and that this feeling is justified to a considerable extent because of past happenings above described. . . . In so far as this is a question of fact, I find that this constitutes a private nuisance."

"I . . . find . . . that the peace and comfort of the plaintiffs' homes have been disturbed because of flying stones from the defendant's blasts. I have determined the question of damages therefrom in the nature of personal injuries to the plaintiffs or their wives, and I have found that the actual damage to their respective premises by reason thereof was nominal, by which of course I mean physical injuries to their respective properties. If the court shall rule that the plaintiffs are entitled to such damages as they claim for disturbance of their peace and comfort, then I find that such disturbance has continued at intervals for nearly a year; that it consists, as heretofore found, in the flying rocks in the manner herein described, and in a more or less constant apprehension, which I think is to some extent justified, that similar occurrences would happen. If this as a matter of law entitles the plaintiffs to damages on the theory that their reasonable peace and comfort have been disturbed, then I find for each of the plaintiffs in the sum of $250."

Findings by the master as to further damages to the plaintiff Nisula were as follows: "Mrs. Nisula had also consulted a physician, who testified that she had been a patient of his for some seven or eight years, and was naturally a strong, healthy and robust woman; that he had made a recent examination and found her in a nervous condition, due in his opinion to the flying stones and her fear of danger. I find in accordance with this testimony. Mrs. Nisula is naturally cool and calm, and not inclined to nervousness. It was the opinion of the physician, in which I concur, that if she continued to live under the conditions that have existed as to

blasting and flying stones and in the fear that her children would be struck by them, she would always be more or less nervous, but that if this condition was changed or if she moved she would have a rapid and permanent improvement. . . . assuming that the court shall rule that she is entitled in this action to recover damages for such personal injuries as I have found, I find that she is entitled to damages in the sum of $250."

After the hearings had closed and arguments had been made, but before the preparation of the master's draft report, the master granted a motion by the plaintiff that the hearings be reopened for the hearing of evidence as to blasting of the defendant on July 10, 1915, and, on evidence then admitted, found as to damage from blasts on July 10, 12, and 13, 1915, that additional damage of a physical character was done to the house of the plaintiff Hakkila in the sum of $25, and to the house of the plaintiff Tangherlini in the sum of $5.

Other material facts found by the master are stated in the opinion.   Both parties filed objections to the report, but no exceptions, as required by the rule then in force, Equity Rule 31 (1905), were filed.

On January 19, 1926, by order of *Qua*, J., the plaintiffs were permitted to file a supplemental bill of complaint setting forth that "during the pendency of this suit, and before the completion of the hearings and filing of the master's report, the defendant continued to blast in the manner set forth in the original bill of complaint, which blasting did some damage to the property of some of the plaintiffs and which damages were introduced by way of a view taken by the master and by the evidence introduced and were considered and passed upon by the master and assessed in his findings in his report"; and praying "that the court may determine and construe the said findings of fact and assessment of damages in the master's report; to include the damages accrued prior to the filing of the original bill of complaint and also the damages accrued after the filing of the bill of complaint until and including the date of the filing of the master's report."   From the granting of permission to file such supplemental bill, the defendant appealed.   No answer to the supplemental bill was filed.

The suit then was heard by *Qua,* J., who, on January 20, 1926, ordered decrees confirming the master's report, permanently enjoining "blasting in or about the defendant's quarry in such manner as to damage the property of any of the respective plaintiffs or to cause stone or other materials to fall upon or to be thrown against the property of any of the respective plaintiffs," and awarding damages. No decree confirming the master's report was entered. A final decree was entered on November 21, 1927, as ordered, the damages awarded being to the plaintiff Hakkila, $275 and interest ($471.63); to the plaintiff Tangherlini, $255 and interest ($437.33); to the plaintiff Tuomikoski, $250 and interest ($428.75); and to the plaintiff Nisula, $500 and interest ($857.50). The defendant appealed from the final decree.

*G. W. Abele,* for the defendant.

*J. A. Anderson,* for the plaintiff.

RUGG, C.J. This is a suit brought to enjoin the defendant from committing a nuisance to the private injury of the plaintiffs. The plaintiffs are householders in the near neighborhood of premises of the defendant used by it for blasting and making crushed stone. The case was referred to a master, who filed a comprehensive report covering all the issues. Since the evidence is not reported, the facts found by the master must be accepted as true. Several grounds for relief set forth in the bill drop out of sight because of adverse findings by the master. The blasting operations carried on by the defendant caused the throwing of stones upon the land of the several plaintiffs in sufficient quantities, so continuously, and of such seriousness in possible consequences, as to justify relief by injunction. *Stevens* v. *Dedham,* 238 Mass. 487. Such throwing of stones constituted a direct trespass and the continuousness shown by the master's findings created a nuisance as to the plaintiffs.

The contention of the defendant is that a permit issued to it is a complete defence. We assume that the permit was issued in accordance with law. *Lajoie* v. *Milliken,* 242 Mass. 508, 524, 525. By its terms the defendant was authorized "to use an explosive in the blasting of rock or any other substance at its quarry." This conferred upon the defendant

no right so to blast rock as to throw stones upon the land of others.  *Diamond* v. *North Attleborough,* 219 Mass. 587, 591, 592.  Whether such right could be conferred by express statute under constitutional limitations need not be considered, see *Saltonstall* v. *New York Central Railroad,* 237 Mass. 391, 398, because it is plain that the terms of this permit did not go so far.  The throwing of stones upon land of others is not a necessary or usual incident of the use of explosives in the blasting of rock or other substances.  It is a direct trespass, and when in the nature of a continued wrong is a private nuisance.  The finding by the master that these acts constituted a private nuisance must be accepted as true.  *Coolidge* v. *Old Colony Trust Co.* 259 Mass. 515, 517.  There is nothing in *Sawyer* v. *Davis,* 136 Mass. 239, *Murtha* v. *Lovewell,* 166 Mass. 391, or *Levin* v. *Goodwin,* 191 Mass. 341, which affords immunity to the defendant in the circumstances here disclosed.

Since the defendant is not sheltered by its permit from the consequences of its throwing stones upon the lands of the respective plaintiffs, it is liable to them for its direct physical trespass, regardless of negligence.  The one who maintains a private nuisance is liable to those suffering injury, without evidence of negligence on his part.  Damage to the plaintiffs was a manifest consequence of throwing the stones, as shown by the master's report.  *Boston Ferrule Co.* v. *Hills,* 159 Mass. 147, 149.  *Fairbanks* v. *Kemp,* 226 Mass. 75, 79.  Cases like *O'Keefe* v. *Sheehan,* 235 Mass. 390, 395, *Prest* v. *Ross,* 245 Mass. 342, 346, and *Strachan* v. *Beacon Oil Co.* 251 Mass. 479, 488, where the permit authorized the precise acts done and the licensee kept strictly within the terms of the permit, afford no protection to the defendant in these circumstances.

Since the acts of the defendant with respect to which the injunction was granted were not within the terms of the permit, the statutory remedy on the bond of the defendant given under St. 1911, c. 325 does not afford to the plaintiffs exclusive relief, but they may maintain a suit in equity.  Cases like *Attorney General* v. *New York, New Haven &*

*Hartford Railroad,* 197 Mass. 194, and *Thayer* v. *Kitchen,* 200 Mass. 382, are not in point.

Damages may be awarded in a suit in equity in addition to the granting of an injunction. *Stodder* v. *Rosen Talking Machine Co.* 241 Mass. 245, 250, 251. *Cumberland Corp.* v. *Metropoulos,* 241 Mass. 491, 504, 505.

No error of law appears in the damages awarded. *Spade* v. *Lynn & Boston Railroad,* 168 Mass. 285, 290. *Malone* v. *Belcher,* 216 Mass. 209. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 493.

The long delay between the filing of the bill and the issuance of the injunction is no bar to the latter. The nature of the case is such as to warrant injunctive relief.

The master had discretionary power to reopen the hearings. *Bon* v. *Graves,* 216 Mass. 440, 445. The trial court was vested with authority to permit the filing of a supplementary bill. *Day* v. *Mills,* 213 Mass. 585, 587. *Leavitt* v. *Dimond,* 227 Mass. 216, 219.

Every argument of the defendant has been considered. No ground is disclosed for reversing or modifying the decree.

*Decree affirmed with costs.*