THOMAS F. COUGHLAN & another *vs.* GRANDE & SON, INC. & another.

Middlesex.    January 4, 1955. — April 4, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Blasting. Damages*, Blasting. *Equity Pleading and Practice*, Rehearing.

A suit in equity retained for the assessment of damages for injury to the plaintiff's property resulting from blasting done by the defendant must be remanded to the trial court for further findings where the trial judge made an erroneous finding of injury to the plaintiff from the breaking of a water main which was in no way attributable to the blasting, and the record did not show that the amount assessed as damages did not include an award for the breaking of the water main. [466]

An owner of real estate cannot recover for consequential injury thereto through concussion from blasting on adjoining land without proof of negligence on the part of the blaster. [467]

A substantial award of damages for injury to a house and land from blasting on adjoining land could not stand where it appeared that the injury was largely to the house through concussion and comparatively negli-

gible through direct casting of rocks and debris, and there was no finding that the concussion was due to negligence of the blaster. [467] On an appeal with a report of the evidence in a suit in equity, this court, in the circumstances, instead of determining itself a basic issue of fact which the trial judge had failed to determine, remanded the suit to the trial court for such determination on the evidence already heard or on additional evidence in the discretion of the trial court. [467–468]

BILL IN EQUITY, filed in the Superior Court on August 29, 1949.

The suit was heard by *Smith,* J.

*David H. Fulton,* for the defendant Grande & Son, Inc.

*John E. Connelly,* for the plaintiffs, submitted a brief.

SPALDING, J. This is a suit to enjoin the defendants from blasting on land adjoining the plaintiffs' property, and to recover compensation for damage caused by the blasting. At the time of the hearing the blasting operations of the defendants had ceased and there was no need for injunctive relief. The judge, however, retained the suit for the assessment of damages. *Reynolds* v. *Grow,* 265 Mass. 578, 580. He made findings of material facts and awarded damages to the plaintiffs against the defendant Grande & Son, Inc., in the sum of $1,500. As against the defendant Monahan the judge ordered that the bill be dismissed. From a decree entered accordingly Grande & Son, Inc., hereinafter called the defendant, appealed. The evidence is reported.

The facts found by the judge are these. The defendant entered into a contract with the town of Arlington for the construction of an addition to a junior high school. The school property was adjacent to a house and lot owned and occupied by the plaintiffs. In the course of the construction work it became necessary to blast a ledge of rock which, although located on the town property, was close to the plaintiffs' property. The defendant obtained a blasting permit from the appropriate authority, and engaged D. M. Bernardi, Inc., hereinafter called Bernardi, to do the blasting. Bernardi was a "reputable . . . organization" which had had many years of experience in blasting operations

and there was no negligence on the part of the defendant in selecting Bernardi for this work. When the blasting was done "the usual technique was employed to safeguard adjacent property from harm." These precautions included the placing of railroad ties and a mat over the rock to be blasted. "[O]n certain occasions the safety devices resorted to by . . . [Bernardi] were inadequate and as a result rock and debris . . . [were] cast upon the land of the plaintiffs," and the plaintiffs' house was damaged. "[B]ecause of the blasting, a water main was broken and water overflowed the plaintiffs' land, causing considerable damage."

The judge ruled that, since the work Bernardi was engaged to perform was inherently dangerous, the fact that it was an independent contractor did not relieve the defendant from liability.

The defendant rightly does not challenge the ruling of the judge just stated. See *McConnon* v. *Charles H. Hodgate Co.* 282 Mass. 584; *Herrick* v. *Springfield*, 288 Mass. 212, 216–217. It contends, however, that the finding as to the damages cannot stand. We are of opinion that this contention must be sustained. The judge found that, "because of the blasting, a water main was broken and water overflowed the plaintiffs' land, causing considerable damage." This finding, as the plaintiffs concede, was erroneous. The evidence shows that the bursting of the water main was in no way attributable to the blasting operations. The plaintiffs argue that the judge did not include this damage in his award. But, on the record before us, we have no way of knowing whether he did or not. He apparently thought the matter of water damage to be of sufficient importance to make a finding touching it. The case, therefore, should be remanded for further findings so that the defendant may know beyond conjecture that the assessment of damages was not based on an erroneous finding.

For another reason urged by the defendant the findings ought to be clarified. There was evidence that the plaintiffs' property sustained damage from the blasting that exceeded considerably the amount assessed as damages by the

judge. But the evidence shows that virtually all of this damage resulted from concussion or vibration generated by the blasts, as distinct from direct damage resulting from rocks or debris cast on the plaintiffs' property. The proof of damage for the most part related to the house and consisted of evidence of cracked ceilings, cracked walls, a broken oil tank, and the like. There was some evidence that rocks and debris were cast on the plaintiffs' property, but we infer that the damage from this source was negligible as compared with that to the house.

Under our decisions one carrying on blasting operations is liable without proof of negligence for all direct injuries to the property of another, as where stones or debris are cast upon it; but in the absence of negligence there is no liability for consequential harm such as is caused by concussion or vibration. *Goldman* v. *Regan,* 247 Mass. 492. *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447, 452. *Jenkins* v. *A. G. Tomasello & Son, Inc.* 286 Mass. 180, 186. *Dolham* v. *Peterson,* 297 Mass. 479, 482. *O'Regan* v. *Verrochi,* 325 Mass. 391, 392–393. The plaintiffs, therefore, could not recover for damage to their house caused by concussion without proof of negligence. The judge stated that his findings contained all the facts on which the decree was based. Yet nowhere does he find that the defendant or Bernardi was negligent. The only finding which revealed any tortious conduct for which the defendant was answerable was that "on certain occasions the safety devices resorted to by . . . [Bernardi] were inadequate and as a result rock and debris . . . [were] cast upon the land of the plaintiffs." But, as stated above, the evidence of damage from this source would not support the judge's award; most of the damage resulted from concussion, which may or may not have been due to negligent blasting. To be sure, the case is here on all the evidence and we have the right to find facts. But virtually all of the evidence concerning the blasting operations was oral and some of it is conflicting. In these circumstances and since the case must go back for further action of the trial judge in any event,

we think that the judge should make further findings on the issue of negligence, because unless negligence is established the assessment of damages by the trial judge was not justified. "Where the facts on which the rights of the parties depend have not been ascertained at the trial it is within the power of the court, in its discretion and of its own motion, to recommit the cause for re-trial." *DeVeer* v. *Pierson*, 222 Mass. 167, 175. *Smith* v. *Commonwealth*, 331 Mass. 585, 593–594, and cases cited. Whether the reconsideration of the case should be on the evidence already heard or upon additional evidence is left to the discretion of the trial judge.

That portion of the final decree which dismisses the bill as to the defendant Monahan is affirmed; that portion relating to the defendant Grande & Son, Inc., is reversed and the case is to stand for further action by the trial judge in conformity with this opinion. The defendant Grande & Son, Inc., is to have costs of this appeal.

*So ordered.*