SALVATORE C. PARROTTA & another *vs.* COMMONWEALTH.

Suffolk.    February 4, 1959. — June 15, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Eminent Domain*, Right to damages. *Way*, Public: State highway, limited access way. *Practice, Civil*, Proceeding for assessment of damages, Premature action.

Upon a layout by the State department of public works of a limited access way involving "tearing up" existing public ways, construction of the new way as a "subsurface road," and "then restoring" the existing ways over the new way, an owner of land, not taken, fronting on the existing ways would be entitled by G. L. c. 81, §§ 7, 7C, to recover damages from the Commonwealth under c. 79 for interference with the use of the land and with access thereto resulting from the construction work, whether or not the fee in the half of the existing highways abutting the land was taken. [405]

A petition against the Commonwealth for assessment of damages under G. L. c. 81, §§ 7, 7C, and c. 79 for interference with the use of and access to land, not taken by eminent domain, arising from the work of constructing a limited access way was not prematurely brought after substantial completion of such work. [405]

PETITION, filed in the Superior Court on July 23, 1957.

The case was heard by *Sullivan*, J., on demurrer.

*David H. Fulton*, (*Paul Fulton* with him,) for the petitioners.

*Edward J. McCormack, Jr.*, Attorney General, & *Joseph F. Lyons*, Assistant Attorney General, submitted a brief.

WILLIAMS, J. The petitioners have appealed from an order of the Superior Court that the Commonwealth's demurrer to their amended substitute petition for the assessment of damages under G. L. c. 79 be sustained. They allege in their substitute petition that they own as tenants by the entirety a parcel of land with the buildings thereon, described by metes and bounds, located at the southeasterly corner of Washington Avenue and Carter Street in the city of Chelsea. On January 4, 1955, the Commonwealth's department of public works "did lay out and take over a certain road to be a limited access highway, in accordance" with G. L. c. 81, § 7C, "said road being commonly called 'Chelsea and Revere Northeast Expressway.'" Entry was made on January 28, 1955, and "notice thereof filed in accordance with statute." "The public work . . . in the area immediately adjacent to the land of the petitioners has consisted in part of the tearing up of former ways known as Washington Avenue, County Road and Carter Street, building what might be called a subsurface road, or tunnel and then restoring by way of a roof over the said subsurface highway, a new level upon which to relocate Carter Street, County Road and Washington Avenue. The damages to the petitioners . . . have arisen from the construction of the subsurface way and restoration of the road surface of the three streets already named. This portion of the public work has been substantially completed, although traffic has not yet moved upon the sub-

surface roadway. . . . [T]he plans for the public work entailed the closing of all three public highways, viz., Washington Avenue, County Road and Carter Street and the construction of a necessity interfered with the use of the petitioners' real estate and, at times, prevented access thereto from the said public highways and the work further entailed operations by various contractors, subcontractors and public utility companies which seriously interfered with the use of the said real estate, diminished the value thereof and caused loss to the petitioners. . . . All the said happenings have taken place without any formal taking of real estate, no notice has ever been given to the petitioners of any such taking or of any right that they might have to damages in the premises."

The petitioners were allowed to amend their substitute petition by adding: "Notwithstanding the absence of formal taking the respondent did, as a matter of fact, take land of the petitioners, to wit, the fee in the land constituting the easterly one half of Carter Street, adjoining land of the petitioners hereinbefore described and the southerly half of Washington Avenue, adjoining their said land and adjoining and merging with the easterly one half of Carter Street, the petitioners being the owners of said fee, subject to the easement of the public therein. No damages are claimed against the respondent for the taking of this land so subject to the easement in favor of the public; but the petitioners have been advised, since the commencement of this petition, that as a matter of law the public work hereinbefore referred to did involve taking of land of the petitioners, to wit, the fee in said strips in this paragraph described."

The respondent demurred on grounds, "1. That the Commonwealth cannot be impleaded in its own courts excepting with its consent. 2. That there is no statute under the terms of which the petitioners are entitled to the relief which they seek. 3. That the petitioners have not set forth in their petition a cause of action which entitles them to recover. 4. That the petition has been prematurely brought."

The demurrer should have been overruled.  General Laws
c. 81, § 7, provides that "When injury has been caused to
the real estate of any person by the laying out or alteration
of a state highway, he may recover compensation therefor
from the commonwealth under chapter seventy-nine."
General Laws c. 81, § 7C, inserted by St. 1943, c. 397, sup-
plies a provision that "If a limited access way is laid out in
whole or in part in the location of an existing public way,
the owners of land abutting upon such existing public way
shall be entitled to recover damages under chapter seventy-
nine for the taking of or injury to their easements of access
to such public way."

On the facts alleged in the petition as amended, the
petitioners may recover compensation under G. L. c. 79
whether or not there was a partial taking of their land.
*Nichols* v. *Commonwealth,* 331 Mass. 581, 584.  If, however,
no part has been taken, damages may be awarded only for
such injury as is "special and peculiar" to the particular
parcel.  G. L. c. 79, § 12.  *Webster Thomas Co.* v. *Common-
wealth,* 336 Mass. 130, 138.

In view of the allegation that the work causing the damage
has been substantially completed it cannot be held that the
petition has been prematurely brought.  *Webster Thomas
Co.* v. *Commonwealth, supra,* pp. 136–137.

*Order sustaining demurrer reversed.*