JEAN PIONTEK *vs.* JOSEPH PERRY, INC.

Suffolk.    February 8, 1961. — March 31, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Demolition, Contractor.  *Proximate Cause.*

Evidence in an action that in the course of demolition work the defendant by means of a derrick and bucket lifted large boulders to a height of sixteen to eighteen feet and dropped them onto a cement patio and other boulders across a street from the plaintiff's house in a city and that, when the boulders fell, there was a "very loud bang," the entire house shook and vibrated, knickknacks moved, glass prisms fell, and cracks appeared warranted findings that the defendant was negligent and that its negligence caused the damage to the plaintiff's house.

TORT.  Writ in the Superior Court dated December 20, 1957.

The action was heard by *Dewing,* J.

*Sturtevant Burr,* (*James B. Winward* with him,) for the defendant.

*Samuel Leader,* for the plaintiff.

WHITTEMORE, J.  There was a finding for the plaintiff in this action of tort tried to a judge in the Superior Court without a jury. The evidence showed that in August, 1957,

the plaintiff's house on Rice Avenue, Revere, vibrated and developed cracks at times when the defendant, in order to demolish a cement patio across the street from the house, and to break up certain boulders, by means of a derrick and clam shell bucket lifted other boulders, of a diameter of about three feet, to a height of sixteen to eighteen feet and dropped them onto the patio and the boulders on the ground. The defendant excepted to the refusal of the judge to rule that findings of the defendant's negligence and that it caused the damage were not warranted. The judge ruled that the doctrine of res ipsa loquitur did not apply.

The defendant owed to all persons who, according to reasonable foreseeability, might be injured in person or property by its affirmative conduct the duty to exercise reasonable care to avoid such injury. *Kushner* v. *Dravo Corp.* 339 Mass. 273, 276–277.

It was plainly foreseeable that the shock from the falling boulders might be transmitted through the ground to nearby dwellings and might damage them. The testimony of the defendant's expert that the "dropping of the boulders could cause vibrations to shake the house"[1] was confirmatory of the obvious. The defendant is aided by no presumption that this was the usual or a safe way to demolish concrete and boulders adjacent to dwellings. The plaintiff was not obliged to prove that it was not. The reasonable assumption that the demolition was lawful work does not help the defendant. There is no basis for concluding that there was no other way to do it, even if that circumstance would excuse injury by affirmative conduct which by reasonable probability may cause such injury.[2]

---

[1] It is not significant in this connection that in his opinion this was only one of several speculative possibilities.

[2] The "legal right" to carry on public works and to do the blasting "necessary to such construction" is referred to in cases which exemplify the rule that recovery for injuries from such blasting cannot be predicated merely in the fact of blasting without evidence of negligence in the way it is done. *Murphy* v. *Lowell*, 128 Mass. 396. *Goldman* v. *Regan*, 247 Mass. 492, 494. See *Dolham* v. *Peterson*, 297 Mass. 479, 482; *O'Regan* v. *Verrochi*, 325 Mass. 391, 392; *Coughlan* v. *Grande & Son, Inc.* 332 Mass. 464, 467; *Kushner* v. *Dravo Corp.* 339 Mass. 273. For the view elsewhere that such evidence is unnecessary in blasting cases, see note in the *Kushner* case, p. 279.

The finding of negligence was warranted. *Goldman* v. *Regan,* 247 Mass. 492. *Dalton* v. *Demos Bros. Gen. Contractors, Inc.* 334 Mass. 377. The judge correctly ruled that this is not a case of inferring negligence. The negligence was the dropping of big boulders from a derrick in front of the plaintiff's dwelling.

The causal connection was plain. There was testimony that, when the boulders fell, there was a "very loud bang," the entire house shook and vibrated, knickknacks moved, glass prisms fell, and cracks appeared. No expert was needed to say that the falling boulders had caused the anticipatable result of their fall.

*Exceptions overruled.*