Murray Realty, Inc. *vs.* Berke Moore Company, Inc.
(and three companion cases[1]).

Suffolk.    May 2, 1961. — June 6, 1961.

Present: Wilkins, C.J., Spalding, Williams, Kirk, & Spiegel, JJ.

*Actionable Tort. Negligence,* Construction of public works, Contractor. *Public Works. Practice, Civil,* Auditor: findings.

If injury to property in connection with the construction of a limited access highway for the Commonwealth by a contractor is the necessary or inevitable result of the project as planned, the landowner's remedy is the statutory remedy against the Commonwealth for assessment of his damages; if the injury is not such a result but is due to the contractor's negligence in carrying out the project, the landowner's remedy is in tort against the contractor.    [691–692]

In actions of tort against a contractor by landowners for damage to properties caused by vibration from demolition of a concrete ramp by use of a heavy steel ball suspended from a crane in connection with construction of a highway by the defendant under a contract with the Commonwealth limiting the time for its performance, a conclusion by an auditor that the contractor's "continuing to operate the ball in the same manner" after he had been notified that vibration from its operation was damaging adjacent properties "constitutes negligence" was not inconsistent with or precluded by a finding that the steel ball method of demolishing the ramp was the only practicable method in the circumstances and the Commonwealth knew and approved of it, where there was no finding that the property damage was an inevitable or necessary result of using that method.    [692–693]

A conclusion by an auditor not purporting to rest on the subsidiary findings expressly made imports a finding of the subsidiary facts essential to support it.    [693]

Four actions of tort.    Writs in the Superior Court dated February 15, 1957, February 26, 1957, October 11, 1957, and April 11, 1958.

The actions were tried together before *Brogna,* J.

*Bertram A. Sugarman,* for the defendant.

*Sydney Berkman, (Bernard A. Dwork & Reuben Goodman* with him,) for the plaintiffs.

Spalding, J.    The plaintiffs are landowners in Chelsea

---

[1] The companion cases are by Hyman Waldman and another, Dora Goldman, and Anna Rosenberg against the same defendant.

who seek recovery in tort for injuries to their respective properties allegedly caused by the defendant's negligence in demolishing a ramp and bridge in connection with the extension of the Mystic River Bridge. The defendant's answers denied negligence and alleged that when the damage occurred the defendant was properly performing public work under the authority of the Commonwealth. The cases were referred to an auditor, whose findings of fact were not to be final. Following the filing of the reports, each plaintiff reserved the right to introduce additional evidence and claimed a jury trial. A verdict was returned for each plaintiff. At the trial the plaintiffs introduced the auditor's reports and other evidence. When the reports (which were identical as to findings touching liability) were offered in evidence, the defendant moved that a certain finding be struck,[1] and the motions were denied. The defendant's exceptions to these denials present the sole question for decision.

The reports can be summarized as follows: On September 21, 1954, the defendant entered into a contract with the Commonwealth to construct a section of a limited access State highway at one end of the Mystic River Bridge in Chelsea. The work included the removal of an existing concrete access ramp from Fifth Street. On or about April 23, 1956, the defendant began to demolish this ramp. This work was sometimes done by raising a three and one half ton steel ball by a crane and giving it a "free drop" of between one and one half and five and one half feet. At other times a "pendulum swing" was used, which consisted of "raising the ball no more than five and one half feet, bringing it back toward the crane, and then swinging to the ramp, and then crushing the concrete." The contract contained the following: "Blasting will not be permitted, the contractor shall use other approved methods in his excavating operations." The Commonwealth approved of the method used by the defendant.

---

[1] The parties agree that the defendant's motions to strike in the cases were the same and dealt with the same subject matter.

Shortly after the work was begun, the defendant was notified that the vibration caused by the dropping of the steel ball was causing damage to certain of the adjacent properties. The report concluded, "I find that after notice to the defendant of damages occurring in the properties adjacent to the ball operations and . . . while the method used by the defendant was an approved one and was done with the knowledge and approval of the Commonwealth . . . *continuing to operate the ball in the same manner* [as before the notice of the damage] *constitutes negligence, and that the defendant is liable for said negligence*" (emphasis supplied). The defendant's exception is to the refusal to strike the italicized words.

The defendant argues that the "mere continuance of performance of the contract in accordance with the only economically practicable method to complete performance within the time required" was not negligence, and hence its motions to strike should have been granted. The question, then, is whether in fact the plaintiffs' injuries, which arose in connection with a public works project, were a necessary or inevitable result of the project as planned by the Commonwealth or were a result of the defendant's own negligence in carrying out the Commonwealth's plans. In determining whether the damage was inevitable, the test is not whether the method employed was absolutely necessary, but whether in choosing another method so as to avoid damage "the expense would be so disproportionate to the end to be reached as to make . . . [the other method] from a business and common sense point of view impracticable." *Todd* v. *Old Colony R.R.* 194 Mass. 302, 306. If the damage was a necessary result under this test, the contractor is not liable in tort; but statutory recovery against the Commonwealth is allowed, even though the plaintiffs' properties were not taken. This is because G. L. c. 81, § 7, which allows such recovery, is made applicable to limited access highways by G. L. c. 81, § 7C. *Webster Thomas Co.* v. *Commonwealth,* 336 Mass. 130, 138. *Parrotta* v. *Commonwealth,* 339 Mass. 402, 405. See *Boston Edison Co.* v.

*Campanella & Cardi Constr. Co.* 272 F. 2d 430, 432–433 (1st Cir.). If, however, the damage was not a necessary result of the contract and if it was caused by the defendant's negligence, there can be no recovery under the statute; the plaintiffs' remedy in such a case is to proceed in tort against the defendant contractor. *Perry* v. *Worcester,* 6 Gray, 544, 546–547. *Belkus* v. *Brockton,* 282 Mass. 285, 287. See *Webster Thomas Co.* v. *Commonwealth,* 336 Mass. 130, 139; *Holbrook* v. *Massachusetts Turnpike Authy.* 338 Mass. 218, 224–226. This principle "presupposes that the public work thus authorized will be executed in a reasonably proper and skilful manner, with a just regard to the rights of private owners of estate. If done otherwise, the damage is not necessarily incident to the accomplishment of the public object, but to the improper and unskilful manner of doing it. Such damage to private property is not warranted by the authority under color of which it is done, and is not justifiable by it." Per Shaw, C. J., in *Perry* v. *Worcester,* 6 Gray, 544, 547. See *Holbrook* v. *Massachusetts Turnpike Authy. (supra),* where the authorities are collected at page 226.

In seeking to avoid tort liability, the defendant argues that the plaintiffs' injuries were the inevitable result of its contract with the Commonwealth. It relies upon a subsidiary finding by the auditor that, because of the time limitations in the contract, the only practicable way of breaking up the concrete was by means of the steel ball.[1] Thus, it is argued, the auditor could not have concluded that the defendant was negligent in continuing to use the steel ball method even though it had knowledge that the vibrations were damaging nearby property. The difficulty

---

[1] The auditor's findings on this issue were as follows: "The testimony disclosed, and I find that one other method could have been used, namely the so called pin and feather method, which consisted of making small holes in the ramp, and inserting of wedges, for the purpose of breaking up the concrete in said ramp. I find that this method would have taken eight or ten times the time used by the steel ball for the purpose of breaking up said concrete, and that the cost would have been eight or ten times the cost of using the steel ball, as it was used, so that it would have been impractical to have the pin and feather method, because of the time element, as set out by the Commonwealth in its contract and specifications."

with this argument is that, even if it was necessary to use the steel ball method to get the work done in time,[1] the auditor did not find that the damage was the inevitable or necessary result of using this method.   There is no inconsistency in interpreting the auditor's findings as meaning that, although the steel ball method was necessary, the defendant, nevertheless, was negligent in the manner in which it operated the ball.   Such a finding is implicit in the challenged ultimate conclusion, which does not purport to rest on the subsidiary findings expressly made; the conclusion imports a finding of the subsidiary facts essential to it. *Brooks* v. *Davis,* 294 Mass. 236, 238.   *M. DeMatteo Constr. Co.* v. *Commonwealth,* 338 Mass. 568, 572–573.   There are no subsidiary findings which are inconsistent with this conclusion.   *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 567.   "If the . . . [defendant] desired to test the conclusions of the auditor by comparison with the evidence or further subsidiary findings, proper procedure would have been to file a motion to recommit the report with instructions."   *J. W. Grady Co.* v. *Herrick,* 288 Mass. 304, 310. This was not done.   Since the auditor's conclusion has not been shown to be improper, the defendant's motions to strike were properly denied.

*Exceptions overruled.*

---

[1] We assume in the defendant's favor that the auditor's finding was that only the steel ball method would have been practicable under the test laid down in *Todd* v. *Old Colony ·R.R.* 194 Mass. 302, 306.