Ted's Master Service, Inc. *vs.* Farina Brothers Co., Inc. (and a companion case[1]).

Essex.   October 4, 1961. — December 8, 1961.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Spiegel, JJ.

*Negligence,* In pile driving, Contractor.   *Evidence,* Relevancy and materiality, Of negligence in pile driving.   *Nuisance.*   *Words,* "Nuisance."

Evidence did not warrant a finding that a contractor engaged in driving steel beams into the ground with a compressed air pile driver at least sixty or seventy feet from a building alleged to have been damaged through concussion thereby was negligent in that he failed to exercise due care to avoid reasonably foreseeable injury to the building or that the pile driver was defective or improperly operated.   [309–310]

In an action against a contractor for alleged damage through concussion to a building some distance away from where he was driving steel beams into the ground with a compressed air pile driver, it was proper to exclude as irrelevant, when offered by the plaintiff, certain provisions of a contract between the Commonwealth and the contractor which neither created any duty on his part to the plaintiff respecting the driving operation nor showed any standard of due care to be observed by the contractor in conducting it, and evidence that the purpose of a survey of buildings "adjacent" to the location of the operation made by the contractor before commencing it was to ascertain what was necessary to protect those buildings.   [310–311]

Liability of a contractor for damage alleged to have been caused through concussion to a building by his driving steel beams into the ground with a compressed air pile driver near by could not be established on the ground of his maintenance of a "nuisance" apart from negligence or other fault on his part.   [311–312]

[1] The companion case is Salem Glass Co. against the same defendant.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated October 17, 1958.

The actions were tried before *Paquet, J.*

*Alfred A. Albert,* for the plaintiffs.

*William H. Clancy,* for the defendant.

KIRK, J.  A consolidated bill of exceptions brings to us these two actions of tort wherein the plaintiffs seek compensation for damage to their respective properties allegedly caused by the pile driving operations of the defendant.   The declaration in each case contained a count for negligence and a count for nuisance.   The exceptions are to the action of the judge in directing verdicts for the defendant on both counts in each case and to his rulings on matters of evidence.

The evidence most favorable to the plaintiffs is as follows.   The plaintiffs are, respectively, the owners of single story buildings made of stucco-coated cement or cinder blocks erected on soft, filled-in land on one side of Canal Street, a main thoroughfare, forty to fifty feet wide, in the city of Salem.   The land, now filled, on which the buildings are located had once been tidewater land.   The building owned by each plaintiff is a street level unit made up of a single structure, erected in 1940 or thereabouts, to which additions have been made by extensions of the original structure from time to time during the past twenty years.   The buildings of the plaintiffs are not on contiguous land.

In the late spring and early summer of 1957, the defendant, under contract with the Commonwealth of Massachusetts, was lowering the level of the roadbed of the Boston and Maine Railroad on Canal Street so that trains would run below the level of the street and through a tunnel under Washington Street in Salem, thereby eliminating grade crossings.   As part of the operation the defendant, by means of a compressed air pile driver or hammer, drove steel beams into the ground at intervals of two to four feet along the route of the excavation, and then wedged heavy wooden planks, called "lagging," between the steel beams, to prevent the earth back of the "lagging" from moving.   Steel sheathing was also driven into the ground at places

343 Mass. 307                                               309

Ted's Master Service, Inc. v. Farina Bros. Co. Inc.

along the route.  None of the pile driving was done on the side of Canal Street where the plaintiffs' buildings were located.  It was commenced on the opposite side of the street at some distance from the plaintiffs' buildings and never was carried on nearer than sixty or seventy feet from them.  There was testimony that, during the pile driving, pounding and vibration were felt in the buildings, canned goods on the shelves vibrated, new cracks appeared in the walls and preëxisting cracks were widened.

The plaintiffs have the burden, in the counts for negligence, of proving that the damage was caused by a breach of a legal duty which the defendant owed to them, i. e., that the cracks in their buildings were due to the failure of the defendant to exercise reasonable care in its pile driving operations so as to avoid reasonably foreseeable injury to property in the surrounding area, having due regard to the nature of the work and local conditions.  See *Dolham* v. *Peterson,* 297 Mass. 479, 482 and cases cited; *O'Regan* v. *Verrochi,* 325 Mass. 391, 392–393; *Piontek* v. *Joseph Perry, Inc.* 342 Mass. 342.  Quite properly it is not contended that the doctrine of res ipsa loquitur is applicable.

The plaintiffs have not sustained the burden of proof. There was no evidence that the defendant had reason to anticipate that vibrations from the use of the hammer would reach sixty or seventy feet from the place of use and cause vibrations in structures above the ground.  Nor was there evidence that the driver or hammer was in any way defective or improperly operated by the defendant.  Compare *Stewart* v. *Hanreddy,* 212 Mass. 340, 342; *Coffey* v. *West Roxbury Trap Rock Co.* 229 Mass. 211, 213; *O'Regan* v. *Verrochi,* 325 Mass. 391, 392.  See *Stevens* v. *Dedham,* 238 Mass. 487, 489.

The evidence did indicate that the defendant had not included the plaintiffs' buildings in the survey conducted before the pile driving commenced and that it had made no ground borings or soil tests in that area.  The plaintiffs, however, made no attempt to show that there was any custom or general practice among those engaged in similar work to make borings, soil tests, or preliminary surveys in

order to determine the effect of pile driving upon structures as far removed from the point of operation as were the plaintiffs' buildings. Without such a showing, and without evidence from any other source that the failure to take such precautions was inconsistent with reasonable care under the circumstances, the fact that the defendant did not make such tests, borings, or survey would not of itself warrant a finding of negligence by the jury. See *Moraski* v. *T. A. Gillespie Co.* 239 Mass. 44, 46–47; *Stewart* v. *Worcester Gas Light Co.* 341 Mass. 425, 434–435, and cases cited. See also Harper and James, Torts, § 17.1, pp. 966–968. Even assuming a causal connection between the pile driving and the damage to the buildings, the fact remains that the record does not disclose evidence which would warrant a finding of negligence. In this respect the case is plainly distinguishable from *Piontek* v. *Joseph Perry, Inc.* 342 Mass. 342. It follows that verdicts on the counts for negligence were properly directed unless there was error in excluding evidence bearing on that issue, which we shall now consider.

The plaintiffs offered and the judge excluded certain parts of the contract between the defendant and the Commonwealth.[2] The judge was right. The provisions therein cited relate primarily to the process of excavation or earth

---

[2] The parts of the contract read: "Page A–1, Section A. Item A 3–5. The work to be done under these items consists of the removal and satisfactory disposal of all materials encountered in the excavations for the railroad as shown on the plans and as herein specified. The contractor shall make use of such methods of work as are best adapted to preserve the safety, stability, and use of foundations, walls and other parts of buildings and structures, surfaces and pavements and to prevent any disturbance or damage thereto and he shall make good any damage which may in the course of the construction be done to any such foundations, walls or parts of buildings and structures, surfaces and pavements. Before the excavation for the railroad structure is carried to a depth or width that may cause any disturbance to the soil supporting the adjacent buildings, the contractor shall safely and permanently underpin the buildings enumerated in Section G, Items G 20–1 inclusive, at the prices stipulated in the proposals. The contractor shall make promptly all temporary and permanent repairs to all buildings, structures, surfaces and pavements that may be required during the progress of the work. The sheeting or soldier beams with horizontal lagging and the bracing therefor shall be designed and placed as to prevent, so far as possible, the natural ground back of the sheeting from moving and shall furnish a full bearing against the banks behind the sheeting or soldier beams with horizontal lagging being filled to obtain such bearing. Sheeting or soldier beams with horizontal lagging shall be driven or placed as best suited to local conditions."

removal and only incidentally to pile driving and then only as a means to accomplish earth support; they prescribe no methods to be used; they specify no standards imposed by public authority; they require affirmative action only for the support of the foundations of buildings adjacent to the area of excavation which did not include the plaintiffs' buildings. In short, the contract neither created a duty to the plaintiffs, nor afforded any evidence of a standard of care which the defendant was bound to meet. The contract provisions were clearly irrelevant. In view of the foregoing the case of *Kushner* v. *Dravo Corp.* 339 Mass. 273, relied upon by the plaintiffs, does not aid them.

A former employee of the defendant, called as a witness by the plaintiffs, testified that he "made a survey of the adjacent buildings" before the work was commenced; that the survey did not include the plaintiffs' buildings; and that the purpose of the survey was to determine and record the physical condition of the buildings, as to damage and cracks, before the work was undertaken. The judge excluded, upon objection, the following question by plaintiffs' counsel: "Was it also your purpose to determine what was necessary in order to protect these buildings?" The offer of proof was in substance that the answer would be "Yes." The ruling was right. The purpose of a survey of buildings adjacent to the route of excavation would not be evidence of need for a survey in the area where the plaintiffs' buildings were located. The question was properly excluded as calling for irrelevant information.

The declaration in each case contained a count for the maintenance of a nuisance. As we have recently stated in another context: "The term 'nuisance' as a ground of liability usually results in confusion and frequently is a method of avoiding precision in analysis. See Restatement: Torts, c. 40, Scope and Introductory Note, pp. 215–225 (cf. §§ 822–824); Prosser, Torts (2d ed.) §§ 70–72." *Delano* v. *Mother's Super Mkt. Inc.* 340 Mass. 293, 297. See *Stewart* v. *Worcester Gas Light Co.* 341 Mass. 425, 431–432. What the plaintiffs in substance have alleged is that there has been an interference by the defendant with their

use and enjoyment of land. Liability in such an action, however it may be labelled or designated, should be based upon a determination that the interference is intentional and unreasonable or results from conduct which is negligent, reckless or ultrahazardous. Restatement: Torts, *supra,* p. 221 (cf. § 822). The term "nuisance," used by the plaintiffs, does not per se bespeak absolute liability and it does not relieve the plaintiffs of the burden of showing that the conduct of the defendant was tortious within the abovestated principles. The evidence established neither negligence, as we have shown, nor any of the other stated bases of liability.

The case of *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447, relied upon by the plaintiffs, is not in point. In the case at bar there was no casting of stones or debris directly upon the land of another. The verdicts for the defendant on the counts alleging the maintenance of a nuisance were rightly ordered.

In view of what has been said, we need not deal with other matters which have been argued.

*Exceptions overruled.*