### Southern District

### JEANETTE W. BAKER, et al
### v.
### PAGANI BROS., CO., et al

*Present*: Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Kupka, J.* in the District Court of Brockton. No. 19131.

Argued: —————   Decided: —————

*There was evidence that* the plaintiffs owned *Sgarzi, J.* The plaintiffs seek recovery in an action of tort for damages allegedly caused to a certain house owned and occupied by them as the result of construction work

negligently performed on adjoining land. The defendants are *Tremarco Corp.*, owners of the adjoining premises; *Pagani Brothers Co.*, contractors, and *Buck MacDonald Company*, a sub-contractor of Pagani. We are concerned here only with the defendant, Buck MacDonald Company.

*There was evidence that* the plaintiffs owned a two family dwelling house on Warren Avenue in the city of Brockton and that on or about August 15, 1957 and for several months thereafter a gasoline station and lubritorium were being constructed on the Tremarco property immediately adjoining.

The work was being done in accordance with plans and specifications furnished to the contractor Pagani by the owner Tremarco but these plans and specifications were not introduced in evidence. Buck MacDonald Company was engaged by Pagani in January 1958 to do certain *pile driving work* called for by the plans. This consisted of driving into the ground a number of spruce poles 20 to 25 feet long by the use of a steam hammer applying a force of 3,000 lbs. per blow. The piles were driven five feet from the boundary line of the plaintiff's land and ten feet from their dwelling house. When the pile driving was almost completed Mr. Baker, one of the plaintiffs, complained to an employee of the defendant that the plaintiffs' property was being damaged. The employee visited the property and observed the

damage but continued the work until it was completed.

At the conclusion of the evidence the defendant submitted to the Court eighteen requests for rulings of law the first and eleventh of which were granted and the remainder denied. The Court found for the plaintiffs in the sum of $299.75 and made the following special findings of fact.

> "I find that the defendants Pagani Bros. and Buck McDonald Co. were negligent in operating a steam hammer within four or five feet of the plaintiff's property, that as a result thereof the plaintiff notified the defendants that damage was being done to her property, that the defendants inspected some damage and thereafter continued to operate in the same manner without changing their method of operating thus damaging the plaintiff's property. The defendants knew that the operation of the steam hammer so close to the plaintiff's property was causing damage by reason of 20 x 25 feet spruce poles being driven into the ground with a force of approximately 3000 pounds to make a piling."

Without reciting the requests for rulings in lengthly detail, they advance the contention of the defendant that the evidence is not sufficient to support a finding of negligence and that the defendant Buck MacDonald Company cannot be held liable for the damage caused if it did its work in accordance with the plans and specifiactions unless those plans were so defective that in the exercise of

ordinary prudence the defendant should have anticipated the damage.

Since the plans and specifications were not introduced in evidence, we do not know whether they merely defined the work to be done or whether they went further to specify the manner in which the work was to be done. In any event it avails the defendant nothing to say that it acted in accordance with the plans and specifications furnished it if in fact what it did violate a duty which it owed to the plaintiffs. *Romano v. Rossano Const. Co.,* 341 Mass. 718; *Murray Realty, Inc. v. Berke Moore Co., Inc.,* 342 Mass. 689.

The defendant owed the plaintiff a duty to use reasonable care so as to avoid reasonably foreseeable injury to the property in the surrounding area, having due regard to the nature of the work and local conditions. *Ted's Master Service, Inc. v. Farina Bros., Inc.,* 343 Mass. 307; *Kushnar v. Dravo Corp.* 339 Mass. 273. In the case of *Piontek v. Joseph Perry, Inc.,* 342 Mass. 342, which involved the use of a derrick to drop boulders about three feet in diameter from a height of sixteen to eighteen feet in order to demolish a cement patio upon premises across the street from those of the plaintiff, the Court said:

> "The defendant owed to all persons who according to reasonable foreseeability, might be injured in person or property by its affirmative conduct the duty to exercise reasonable care to avoid such injury. It was plainly foreseeable that the shock from the falling boulders might be transmitted

through the ground to nearby dwellings and might damage them." The case concludes with the statement "No expert was needed to say that the falling boulders had caused the anticipatable result of their fall."

In the instant case it was clearly not unreasonable to expect that the driving into the ground of poles 20 to 25 feet in length by the application of a force of 3,000 pounds would transmit and disperse through the soil enough energy to damage a frame building ten feet away. The judge was therefor warranted in finding negligence on the part of the defendant Buck MacDonald Company.

We find no prejudicial error in the treatment of defendant's requests for rulings of law and the report should be dismissed.

Eben G. Townes of Brockton, for the Plaintiff, cited
*Murray Realty, Inc. v. Berke Moore Co., Inc.,* 342 Mass. 689:

> "Continuing the operation of pile driving in the same manner as before the notice of the damage constitutes negligence, and the defendant is liable for said negligence."

Francis D. Mone & William K. Mone of Taunton, for the Defendant, contended that in the instant case as in blasting cases, in the absence of negligence, there is no liability for consequential harm such as is caused by vibration or concussion. *Coughlan v. Grande & Son Inc.,* 332 Mass. 464-467; *Ted's Master*

*Service Inc. v. Farina Brothers Co., Inc.,* 343 Mass. 307; *Romano v. Rossano Construction Co., Inc.,* 341 Mass. 718, 722:

> "a contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder or ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury".

At page 722 the Court said that a contractor is usually entitled to assume that the plans, specifications and directions given him are such as will make the work safe. But they may be so imperfect or improper that the contractor should, as a reasonable man, realize that the work done thereunder will make the structure or condition unsafe. If so, he will be liable even though he exactly follows the plans, specifications and directions.