*Western District*

#189795

RICHARD C. KILLEEN and
MARSHA A. KILLEEN

v.

SHARPE & WILEY, INC.

Argued: April 18, 1968   Decided: April   , 1968

*Present:* Garvey, P.J., Moore, J., and Allen, J.

Tried to: *Walsh, J.,* in the District Court of Springfield #189795.

*Garvey, P. J.* In this action the plaintiffs seek to recover in count one for water dam-

age to their home allegedly caused by unworkmanlike work in the installation by the defendant of new counter tops in their kitchen and in count two for the negligent performance of said work. After a trial there was a finding for the defendant on count one and for the plaintiff on count two. The defendant claimed a report.

*A summary of the evidence shows that* an employee of the defendant on the morning of April 28, 1965 entered the two story home of the plaintiffs for the purpose of installing new kitchen counter tops. He turned off the main water valve located in the cellar. At the end of the work day he turned on the valve. Upon his return the next morning he again turned off the valve. Upon completion of the installation about 4:00 P.M. he turned on the valve and remained in the kitchen for about one-half hour to be certain there were no leaks.

On this day there was testimony by Mrs. Killeen, one of the plaintiffs, that she left her home about 8:30 A.M. and returned with her three children about 1:00 P.M. The children took a nap in the upstairs bedrooms. About 3:00 P.M. Mrs. Killeen and her children again left the home, and when she returned at 5:30 P.M. she found *the faucet in an upstairs bathroom was open* and water was overflowing from the sink causing damage to the home. She testified further that the water was turned off between 1:00 and 3:00 P.M. and that neither she nor her children turned the faucet on in the upstairs

bathroom. The defendant's workmen testified he never went upstairs during the time he was performing his work.

A master plumber, who qualified as an expert, testified that when a main water valve is turned off during work similar to that being performed by the defendant's employee the proper procedure before turning the valve on is to check to be certain that all faucets are closed. Further, when the valve is turned on the workman should listen for a clicking noise. If such a noise is heard he should immediately reclose the valve and recheck the faucets.

The trial justice in his special findings found the defendant's employee was negligent and the plaintiffs were not contributorily negligent.

The defendant asserts this evidence was not sufficient to warrant a finding of negligence on his part and that it was error to deny his request for ruling of law directed to this issue. There was no error.[1]

■ This is another of the many cases that come to this court where the trial judge's findings of fact cannot be disturbed unless clearly wrong. *Codman* v. *Beane*, 312 Mass. 570, 573. *O'Toole* v. *Magoon*, 295 Mass. 527, 529-530. *McKenna* v. *Andreassi*, 292 Mass. 213, 215.

■ The defendant owed the plaintiffs the duty of using reasonable care in the perform-

---

[1] The defendant waived his claim of variance between the allegations in the declaration and the proof.

ance of its work to avoid damage of their property. *Piontek* v. *Joseph Perry, Inc.,* 342 Mass. 342. *Kushner* v. *Dravo Corp.,* 339 Mass. 273, 276-277.

Based on the testimony of the master plumber the trial judge was justified in finding the defendant was negligent when its employee failed to check the faucets before turning on the valve or in listening for a clicking noise after he did. *Messina* v. *Richard Baird Co.,* 337 Mass. 8, 14.

**The report is to be dismissed.**

JOHN J. DUMPHY,
    of Springfield for the defendant.
ROBINSON, DONOVAN, CAMPBELL, MADDEN &
    BARRY, of Springfield for the plaintiffs.