*Municipal Court of the City of Boston*

## No. 354391

# OMNI BEECHCRAFT, INC.
## v.
# MOBIL OIL CORPORATION

Argued: Jan. 23, 1976. Decided: May 17, 1976.

Case tried to *Foster, J.*

Present: Lewiton, C.J.; Elam, Doerfer, J.J.

**Doerfer, J.** This is an action in tort* alleging that certain underground fuel tanks owned by the defendant at the location of the plaintiff at Beverly Airport, developed leaks due to the negligence of the defendant, resulting in contamination of the petroleum products stored therein and further negligence in replacing the tanks and repairing the surface of the ground under which they were placed. It was alleged that damages were sustained to airplanes owned by the plaintiff's customers and that plaintiff lost rent from tie-down space due to the negligent failure of the defendant to repave properly the area over the tanks.

Defendant's answer, in addition to denying generally these allegations, specifically denied negligence, denied that the tanks were under its management or control, alleged contributory negligence, accord and satisfaction and pleaded that the plaintiff had agreed to indemnify and hold the defendant harmless for all the damage alleged.

*There was evidence from the plaintiff's own witness that* the defendant, although the owner of the tanks in question, had no control or management over the physical facility at which they were located. The defendant took title to the tanks from another oil company, but the tanks were in place at the time of transfer and no physical changes were made in the tanks by the defendant at that time.

The plaintiff had two contracts with the defendant; one for supply of petroleum products and the other an equipment loan agreement. The latter is the more obviously relevant and provided for the defendant to lend the tanks in question to the plaintiff and to assume maintenance obligations as follows:

---

\* Although the writ states both tort and contract the declaration in one count sounds only in tort.

"Company [defendant] at its expense shall make repairs (including painting) deemed necessary by it to keep the equipment in good operating condition provided the necessity therefore is due to ordinary wear or damage by the elements. Company's obligation to repair shall not arise until (a) company is notified that the item in question is not in good operating condition and (b) company shall have determined in its uncontrolled discretion and within a reasonable period that the necessity for repair is due to a cause referred to above . . . . In lieu of repairing, company may make replacements . . .

"3. Indemnity. Borrower [plaintiff] shall indemnify and hold company harmless against all losses and claims (including those of the parties, . . .) for death, personal injury or property damage arising out of the use or condition of the equipment. Company does not warrant or guarantee the equipment."

There was evidence that in June of 1972 the plaintiff discovered gasoline contaminated with water "in aircraft owned and/or serviced by" plaintiff and supplied from the tanks in question. As soon as the contaminated gasoline was discovered the defendant was notified and a representative arrived on the plaintiff's premises the same day. Defendant caused a pressure test to be made and found that the tanks were leaking. An independent contractor was hired who removed and replaced the tanks. The contaminated gasoline was removed and replaced and the surface over the tank was covered with crushed stone some several weeks later, but not repaved.

Plaintiff's witness testified that defendant never inspected the tanks. There was no evidence that defendant ever had physical contact with the tanks prior to replacing them.

Plaintiff's witness testified that the surface over the tanks had been used as a rental tie-down area but

could not be so used while it was covered with a rocky surface. Defendant's witness testified defendant could not repave the area until it had settled although it had been requested to do so.

There was evidence that a stone from the rocky surface was thrown by the propeller of one plane through the fuselage of another six months after the tanks had been replaced.

There was no evidence reported as to the amount of damage to the airplane in question, nor as to the amount of rental allegedly lost from the unusable tie-down space. There was no evidence reported as to the ownership of the damaged airplane nor as to any damages paid by plaintiff to the owner of said plane.

The court made findings of fact that there was "no evidence of negligence on the part of the defendant and no evidence of any warranty by the defendant."[1] The court found for the defendant.

Plaintiff claims error in the denial of its request that the evidence required a finding for the plaintiff.[2] The evidence clearly did not require a finding as a matter of law that the defendant was negligent. The alleged duty to inspect the tanks periodically for leaks was not spelled out in the agreement and was a question of fact for the trial justice. Similarly, the care exercised by the defendant in replacing the surface was a question of fact and the evidence did not require a plaintiff's finding. The

---

[1] Request for Ruling No. 2 was, "The evidence warrants a finding for the plaintiff." The court ruled "Warrants but does not compel." This was, in effect, an allowance of said request and plaintiff is not aggrieved by said action, even though it claims to be. (See R. 5.). Furthermore, this ruling clarifies the language of the findings of fact which should be interpreted as a finding of fact that, on all the evidence the defendant was not negligent.

[2] "1. That the evidence requires a finding for the Plaintiff. COURT: **Denied.**

plaintiff had the burden of proof to establish that defendant had such a duty, *Mikaelion v. Palaza*, 300 Mass. 354, 356 (1938); *Ted's Master Service, Inc. v. Farina Bros. Co., Inc.*, 343 Mass. 307, 309 (1958), and it remained a question of fact to be determined on all the evidence.

Furthermore, it was not established as a matter of law that any failure to inspect was the proximate cause of plaintiff's damages. See: *Zezuski v. Jenny Manufacturing Company*, 363 Mass. 324, 328-329 (1973).

Requests #1, 6, 7 and 8[3] all raise this same issue, but direct attention to two aspects of alleged negligence: failure to inspect and maintain and failure to properly restore the surface.

■ It cannot be said as a matter of law that defendant was negligent in failing to completely restore the surface. There was evidence that sufficient time had not elapsed to permit settlement of the ground by the time the damage occurred.

■ But even if some negligence had been found by the trial justice there was no evidence of the fact of damages as to the damaged airplane. On this record, there was no evidence that said plane was owned by plaintiff or that plaintiff suffered any loss with respect to it. Similarly, there was no evidence reported of the amount of rental for tie-down space allegedly lost. There is no recovery in an action of negligence

---

[3] "6. That the action of the Defendant relative to the failure to inspect and maintain said underground fuel tanks constituted negligence as a matter of law. COURT: **Denied.**

"7. That the Defendant's failure to restore the surface over the underground fuel tanks was negligence as a matter of law. COURT: Denied. **See finding of fact.**

"8. That the failure of the Defendant to inspect, repair, and maintain said underground fuel tanks led to damage incurred by the Plaintiff and that said damage was foreseeable as a matter of law. COURT: **Denied.**"

without proof of damages. *Sullivan v. Old Colony St. R. Co.,* 200 Mass. 303, 308 (1908).

In conclusion, upon review of the whole record, not only did the plaintiff fail to establish that it was entitled to recover as a matter of law, but the findings of fact and general finding for the defendant seem well supported by the weight of the evidence.

**Report dismissed.**