Minehan, J.
The underlying action involves a complaint filed by plaintiff which alleges that damage was caused to the plaintiff’s home as a result of pile driving activity conducted by the defendant, Hub Foundation Co., Inc. After a trial, the judge found that during the week of April 5 - 13, 1934, damage was caused to the plaintiff’s home as a result of the defendant’s pile driving activity conducted at a construction site near plaintiff’s home. The trial judge found that a total of 53 piles were driven into the ground by the defendant. The judge also found that plaintiff’s house was located “approximately 70-90 feet” from the work area where the defendant drove piles into the ground. The largest piles were 46 feet long and weighed 117 pounds per linear foot. The judge found for the plaintiff in the amount of $33,522.14.
In response to defendant’s request for rulings of law, the trial judge denied defendant’s request for Ruling No. 1. In that request, defendant Hub had requested a ruling as follows: “The act of pile driving does not subject a defendant to strict liability in Massachusetts. Ted’s Master Service, Inc. v. The Farina Brothers Company Inc., 343 Mass. 307 (1961).”
The denial of defendant’s request for Ruling No. 1 was error. In Massachusetts, the standard of liability for pile driving activity is one of negligence. The plaintiff has the burden of proving that the cracks in the building “... were due to the failure of the defendant to exercise reasonable care in its pile driving operations so as to avoid reasonably foreseeable injury to the property in the surrounding area, having due regard for the nature of the work and local conditions.” Ted’s Master Service Inc. v. The Farina Brothers Company Inc., 343 Mass. 307, 309 (1961).
This Court has examined the judge’s detailed findings and has reviewed the transcript of the trial. Although there exists evidence to support a causal link between the pile driving activity and the damage to the plaintiff’s home, neither the judge’s findings nor the transcript of the proceedings establish that the plaintiff sustained the burden of proof on what “reasonable care” should have been exercised by the defendant.
Accordingly, the case is remanded to the trial court where a judgment is to enter for the defendant.